THE PEOPLE OF THE STATE OF NEW YORK *v.* THE CITY BANK OF ROCHESTER.

In the Matter of the Application of SARTWELL et al., Respondents, to compel payment of certain notes, etc.

The Bank of R. having discounted certain notes for the firm of S. H. and F., a depositor with it, and that firm, wishing to anticipate payment, gave to the bank its checks for the amount of the notes less rebate of interest; which checks the bank received and charged in the firm account, and entries were made in the bank books to the effect that the notes

were paid. The firm at the time supposed that the bank held the notes, but they had in fact been previously sold by it. Before the notes became due the bank failed, and in an action, brought by the attorney-general in the name of the people, a receiver was appointed of its property and effects. *Held*, that an order requiring the receiver to pay the notes out of the funds in his hands was properly granted ; that the transaction between the bank and said firm was not in their relation of debtor and creditor, nor in that of bank and depositor, but by it a trust was created, the violation of which constituted a fraud by which the bank could not profit, and to the benefit of which the receiver was not entitled.

*People* v. *M. and M. Bank* (78 N. Y. 269), distinguished.

An application for such an order is not a motion as defined by the Code of Civil Procedure (§ 768), but a special proceeding "for the enforcement or protection of a right" (§ 3334) in which costs may be awarded in the discretion of the court as in an action.

(Argued April 21, 1884 ; decided April 29, 1884.)

Appeal from order of the General Term of the Supreme Court, in the third judicial department, made July 3, 1883, which reversed an order of Special Term, denying an application on the part of the firm of Sartwell, Hough & Ford, for an order requiring Hobart F. Atkinson, as receiver appointed in this action of the property and effects of defendant The City Bank of Rochester, to pay out of the funds in his hands certain notes of said firm.

The material facts are stated in the opinion.

*M. H. Briggs* for appellant. The taking of the checks, charging and returning them to the petitioners, did not amount to the setting aside of so much of their deposit with which to pay the notes, nor did it impose any trust upon any part of the bank's assets. (*People* v. *M. & M. B'k of Troy*, 78 N. Y. 269.) If a trust to pay these notes had been created, then the person who held the notes at the time would have become a *cestui que trust*, and these petitioners could not thereafter, under any circumstances, have exercised any control over the fund. (*Ætna Nat. B'k* v. *Fourth Nat. B'k*, 46 N. Y. 82.) A trust *ex maleficio* never arises except where the legal title to property has been obtained through actual fraud. (*Wheeler* v.

*Reynolds,* 66 N. Y. 235.) The order appealed from is erroneous, because it does not appear that the trust property, if any ever existed, came to the hands of this appellant. The burden was upon the petitioners to make that fact clearly appear. It is not enough to show that trust property probably went into some general fund. (*Butler* v. *Sprague,* 66 N. Y. 392 ; *Ferris* v. *Van Vechten,* 73 id. 113.) The order giving the respondents costs as of an action is erroneous. (Code of Civil Procedure, §§ 3240, 3334.)

*Theodore Bacon* for respondents. The relation between the bank and the petitioners was that of trustee and *cestui que trust,* and they were entitled to be first paid by the receiver. (Laws of 1882, chap. 409, § 135 ; 2 R. S. 466–472, §§ 58–91 ; id. 469, § 68 ; id. 47, § 34 ; *Libby* v. *Hopkins,* 104 U. S. 303, 308–9 ; *Van Allen* v. *Am. Nat. B'k,* 52 N. Y. 6 ; *Day* v. *Roth,* 18 id. 448 ; *Britton* v. *Lorenz,* 45 id. 51 ; *R. L. Works* v. *Kelly,* 88 id. 234 ; *Johnson* v. *Brooks,* 93 id. 337 ; *Metropolitan Nat. B'k* v. *Loyd,* 90 id. 530, 534–6 ; *Tooke* v. *Hollingsworth,* 5 Term R. 232.) If a man mixes trust funds with his own, the whole will be treated as the trust property, except so far as he may be able to distinguish what is his own. (*Frith* v. *Cartland,* 2 H. & M. 417 ; *Pennell* v. *Deffell,* 4 DeG., M. & G. 372 ; *Hallett's Estate, In re Knatchull* v. *Hallett,* L. R., 13 Ch. Div. 696 ; *Nat. B'k* v. *Ins. Co.,* 104 U. S. 54 ; *Dows* v. *Kidder,* 84 N. Y. 121, 132–3 ; *Van Alen* v. *Am. Nat. B'k,* 52 id. 1 ; *Farley* v. *Turner,* 3 Jur. [N. S.] 532 ; 26 L. J. Ch. 710 ; *In re A. & M. B'k,* 36 id. 151.) The fund having been committed to the bank in trust for a specific purpose, it had no right so long as it remained in possession of its assets, whether solvent or insolvent, to devote it to the payment of its creditors. (2 R. S. 461–6, §§ 31–57 ; Code of Civ. Pro., § 1785 ; 1 Fonbl. Eq. 419 ; 1 Story's Eq. Jur., § 64, *g ; Craig* v. *Leslie,* 3 Wheat. 563.) The receiver takes all the property and funds which he finds in possession of the bank, subject to the same equities and impressed with the same trusts under which they were held by it. (*Curtis* v. *Leavitt,* 15 N. Y. 9,

195 ; *In re Howe,* 1 Paige, 125 ; *Cook* v. *Tullis,* 18 Wall. 332, 341 ; *LeRoy* v. *Globe Ins. Co.,* 2 Edw. 657, 671, 672 ; *Van Dyck* v. *McQuade,* 86 N. Y. 38, 52 ; *In re LeBlane,* 14 Hun, 8 ; 75 N. Y. 598 ; *People* v. *M. & M. B'k,* 78 id. 269, 272, 275 ; *Rogers L. W.* v. *Kelly,* 19 Hun, 399 ; 88 N. Y. 234.) If the bank had retained the petitioners' notes in its possession and had then failed, no check having been given for the notes, the petitioners' deposits, which are now $4,000, would have been $12,000, and the receiver of the bank would have been compelled to apply the notes upon the deposit, thus making precisely the transaction which the petitioners supposed they were making. (*Clots* v. *Bentley,* 5 Alb. L. J. 286 ; *Mel.* v. *Holbrook,* 4 Edw. 539 ; *Jones* v. *Robinson,* 26 Barb. 310 ; *Receiver* v. *Taitler,* 54 How. Pr. 385 ; *Osgood* v. *DeGroot,* 36 N. Y. 348 ; *Smith* v. *Felton,* 43 id. 419.)

Danforth, J. The record shows that the firm of Sartwell, Hough & Ford, doing business at Rochester, were depositors with the Rochester City Bank, and that the bank also from time to time discounted their notes, payable in the city of New York, but with the understanding that they should in fact be paid at the bank. In November, 1882, two of such notes — one for $3,000, and one for $5,000 — were outstanding, and to become due respectively January 6 and January 20, 1883, and they wishing to anticipate payment on the 3d of November so informed the bank in regard to the first note, and then gave, and the bank received their check for the amount of the note, less rebate of interest, in these words :

" $2,963.25          Rochester, N. Y., *Nov.* 3, 1882.

" The City Bank of Rochester,

" Pay to our note due January 6, 1883, or bearer, two thousand nine hundred and sixty three 25–100 dollars.

SARTWELL, HOUGH & FORD."

The bank charged the check to their account, and marked it " paid Nov. 3, 1882," at the same time making an entry in its books " to the effect that said note was paid Nov. 3, 1882."

On the 9th of November, 1882, substantially the same trans-
action was had between the firm and the bank, in reference to
the note due January 20, 1883, and the full sum of $7,894.23
was in fact deducted from the amount of the deposits of the
firm with the bank. It had, however, in October, 1882, sold
both notes and received from the purchaser the avails, but of
this the firm was ignorant, and at the time in question sup-
posed the bank held and owned the notes.

In December, 1882, the bank was declared insolvent, and
the appellant Atkinson appointed receiver of its property and
effects. He states that the cash found by him "in the vaults
of the bank was considerably less than $8,000"— how much
less is not shown — but before the petition now here was pre-
sented to the court he had received about $75,000. The bank did
not pay the notes, and the receiver refused to do so without an
order of the court. Upon these facts the firm applied by peti-
tion to the Supreme Court for such order. It was denied at
Special Term, but at the General Term the order of the Spe-
cial Term was reversed and the application granted, with costs
as on an appeal from a judgment. The receiver appeals to this
court.

*First.* The transaction in question was not between the
bank and Sartwell, Hough & Ford in their relation of debtor
and creditor nor in their relation of bank and depositor. The
object of the latter was to provide a fund for the payment of
specific notes, and the engagement of the former was to apply
that fund to such payment. Thus a trust was created, the
violation of which constituted a fraud by which the bank could
not profit, and to the benefit of which the receiver is not
entitled. (*Libby* v. *Hopkins,* 104 U. S. 303; *In re Le
Blanc,* 14 Hun, 8; affirmed, 75 N. Y. 598.) Those cases stand
upon the ground of a specific appropriation of a particular
fund for the payment of the claim there brought in question.
So does the one at bar. That fact is lacking in the case of
*People* v. *Merchants and Mechanics' Bank* (78 N. Y. 269),
on which the appellant relies; and this distinction is pointed

out by the learned judge who delivered the opinion in that case.

Counsel for the appellant contends "that there never was any fund set apart for a particular object, or any intention or purpose to set apart such a fund." I do not regard this, if true, as of much importance, but the appeal papers do not permit us to accept such construction.

The checks of the petitioners were money assets in the hands of the bank and were so treated by all parties; they were delivered to it with explicit directions to apply the proceeds on payment of the notes; those directions were assented to by the bank officer, and the checks collected from the general fund. From that moment the bank was bound to hold the money for and apply it to that purpose, and no other, or failing to do so, return it to the petitioner. As to it, the bank was bailee or trustee, but never owner. It is estopped from saying that all this is matter of book-keeping. It assumed a duty, and the receiver as its representative is bound by it. Nor does this obligation at all depend, as the appellant seems to suppose, upon the question, when, where and to whom the notes were to be paid; whether presently or in the future is immaterial.

The specific object for which the fund was created was the payment of the notes, and its character does not depend upon those incidental circumstances. The checks were impressed with a trust, and no change of them into any other shape could divest it so as to give the bank or its receiver any different or more valid claim in respect to them than the bank had before the conversion. (*Van Alen* v. *Am. Nat. Bank*, 52 N. Y. 1; *Dows* v. *Kidder*, 84 id. 121.)

*Second:* As to costs. The application of the petitioners to the court below was not a motion under section 768 of the Code, but a special proceeding for the enforcement or protection of a right under section 3334; costs might, therefore, be awarded in the discretion of the court, as on appeal from a judgment taken to it. (§ 3240.)

We find no error in any part of the order appealed from, and it should, therefore, be affirmed, with costs to the respond-

ent to be paid by the appellant out of any money in his hands as receiver.

All concur.

Order affirmed.