---

### In re GREENE'S ESTATE.

*(Surrogate's Court, New York County. January, 1890.)*

TRUSTS—MINGLING TRUST FUND WITH OTHER MONEYS—IDENTIFICATION.

    If money comes into the hands of a person as a trust fund, and is placed by him, together with other sums, to his own credit in a bank, and he dies insolvent, leaving a larger sum than the amount of the trust fund to his credit, the *cestui que trust* can follow the trust fund into the money left on deposit, and recover the amount thereof as against the personal representatives of the trustees.

Proceedings to settle the accounts of McLean Blair as temporary administrator and executor of Chester L. Greene, deceased.

*Phillip Carpenter*, for temporary administrator. *Charles A. O'Neill* and *K. R. Casper*, for creditors. *William J. Hardy*, for Abbey J. Greene.

RANSOM, S. This estate is insolvent. Objections were filed to the account by certain creditors, on the ground that it did not state that their claims were entitled to preference; that the money owing to them by deceased came into his hands as trust funds, and it is theirs, and they are entitled to it without deduction. The referee found that while the funds came as trust funds to the deceased, yet, as the contestants had failed to show that these specific sums came to the hands of the temporary administrator or executor, they are not entitled to preference. It is quite clear that the deposit of moneys by T. M. Fitzpatrick & Bro. with decedent, under the circumstances proven, constituted the same a trust fund, which could not be used for any other purpose than that contemplated by the parties, without breach of trust. It is likewise certain that, if the funds so deposited were kept apart, they could be recovered by the depositor, and would not be liable for the payment of other debts. If these funds had been converted into other property or funds by which they are represented, they could be followed for a like purpose. "If it appears that trust property has been wrongfully converted by the trustee, and constitutes, although in a changed form, a part of the assets, it would seem to be equitable, and in accordance with equitable principles, that the things into which the trust property has been changed should, if required, be set

apart for the trust; or, if separation is impossible, that priority of lien should be adjudged in favor of the trust estate for the value of the trust property or funds, or proceeds of the trust property entering into and constituting a part of the assets. * * * But it is a general rule, as well in a court of equity as in a court of law, that in order to follow trust funds, and subject them to the operation of the trust, they must be identified." *Cavin* v. *Gleason*, 105 N. Y. 262, 11 N. E. Rep. 504. In *People* v. *City Bank of Rochester*, 96 N. Y. 32, the defendant discounted certain notes for one of its depositors, who thereafter, wishing to anticipate payment, gave the bank its check for the amount, less rebate of interest. These checks the bank received, and charged in the firm account. Entries were made in the books to the effect that the notes were paid. At the time the firm supposed the bank held the notes, when they had been in fact sold by it before they became due. The bank failed, and a receiver was appointed. The firm applied to the court for an order directing the receiver to pay the notes out of the funds in his hands. Held, the application should be granted; that the transaction between the bank and the firm was not in their relation of debtor and creditor, nor that of bank and depositor, but by it a trust was created, the violation of which constituted a fraud by which the bank could not profit, and to the benefit of which the receiver was not entitled. This last case was referred to in *Cavin* v. *Gleason, supra*, as follows: "The case of *People* v. *City Bank of Rochester* seems to have been misunderstood. The question considered in this case was not raised there, and it was not claimed in that case that the proceeds of the checks of S. H. & Co., the petitioners, had not gone into the general funds of the bank, or that they had not passed in some form to the receiver. The court did not decide that petitioners would have been entitled to a preference in case the proceeds of the check had been used by the bank, and were not represented in its assets in the hands of the receiver." It will be remembered that in the case of *Cavin* v. *Gleason* money was given to a private banker to invest in a bond and mortgage. Instead of doing so, however, he used the greater part of the money to pay his private debts, and it was because this fact of conversion had been proved that the court of appeals denied his right to a preference.

The case of *Ferris* v. *Van Vechten*, 73 N. Y. 113, is clearly distinguishable from the case at bar. That decision rested upon the fact that "there was no proof that one dollar of the moneys received for the lands, and which constituted the trust fund, was paid or applied to any of the purposes mentioned, nor is the fact of such misappropriation of the trust moneys found, nor was any fact proved or found from which such diversion or misappropriation of specific trust moneys can be legitimately inferred." And the court say (page 125) that the question decisive of the appeal was the competency of the proceedings before the surrogate to prove the foregoing facts, and the court expressly says that it passes upon no other question. The mere fact that funds have been commingled is not sufficient to destroy the identity of the fund. *Van Alen* v. *Bank*, 52 N. Y. 1. If it can be shown to have become a part of the assets of the deceased, it will be sufficient. Where trust moneys are misappropriated, they often become commingled, and yet courts have followed them, and have attached a lien to the entire property in favor of the *cestui que trust*. Thus, where trust funds are converted by a trustee, and invested in real estate, though the trust fund misappropriated may not constitute the entire purchase price of such property, yet they are commingled with, and have become a part of, the property invested in. In such case there can be no question but that the *cestui que trust*, if he can show that the trust fund went into the real estate, would have an equitable lien therefor. So with moneys deposited in bank with other funds. If it can be shown that they form a part of the bank account, the *cestui que trust* would have an equitable lien upon the same. In the case at bar the money is admitted to

have come into the hands of the deceased as a trust fund, and the referee has so found. It is not claimed—there certainly has been no attempt to prove—that he converted it. It is simply established that he placed it with other sums in his own name in bank. A sum largely in excess of the amount of this trust fund is found on deposit with the said bank at the time of his decease, which came into the possession of the temporary administrator and executor. The presumption, if any, is that he did not convert the fund. In fact, there are circumstances tending to show that the specific fund remained, subsequent to his death, a part of the bank deposit, for after his death, the contracts in question being closed out at a loss, the deficit was made up by the representative of the deceased. Now, from what was the deficit supplied? It could not properly be made up out of the general estate in the first instance. Under the terms of the contract, it must be made up out of the trust fund. It was made up and paid, and the inference is that there was no wrong committed, but that it was paid out of the fund provided by the *cestui que trust* for any losses on transactions entered into for his benefit. If the trust fund was not there, the personal representative, when he paid the deficit, gave a preference to the extent of the loss.

The case of *People* v. *Merchants' & Mechanics' Bank*, 78 N. Y. 269, is inapplicable, for the reason stated in *People* v. *City Bank of Rochester*, *supra*, namely, that there was no specific appropriation of a particular fund for the payment of the claim. That fact was lacking in that case; it is proven here.

The case of *Willett* v. *Stringer*, 17 Abb. Pr. 152, cited in support of the referee's conclusion, is a special term decision by Judge HOFFMAN. The quotation in counsel's brief is a headnote, and the headnote is misleading. What the court decided there was that the moneys secured by the mortgage in question must be deemed to have been the trustee's individually; that it was impossible upon the evidence in the case to trace the trust moneys into the securities in question. That was not a case between the *cestui que trust* and creditors, but between the trustee himself and creditors; and, besides, the court found that the creation of the trust was suspicious.

In the case of *School Trustees* v. *Kirwin*, 25 Ill. 73, the important fact appears that all money found in the bank at the death of Erwin, the trustee, was $715, $275 of which was identified as part of the trust funds, while the balance was less than the amount of the school trustees' deposit. It was thus established that the banker must have converted the money; into what, or where, could not be proven. The criticism above, in the case of *People* v. *City Bank of Rochester*, also applies here. There was no specific appropriation of a particular fund for the payment of the claim. General creditors are not injured by this disposition of the matter. They were not doing business with the decedent on the strength of money deposited with him as margins. Such deposits formed no part of his capital. His credit was in no way based upon the extent of those margins.

The testimony taken before the referee referred chiefly to the claim of Fitzpatrick & Bro. So far as the other customers of deceased who claim a preference are concerned, agreed statements of facts were submitted. Dobbins & Dazy's claim for preference should not be allowed. The proof I deem insufficient. George W. Casper is entitled to the original deposit, but not to profits, the proof not showing they constituted a trust fund. John W. Tullis & Co. are not entitled to a preference. The proof is insufficient. Certain correspondence is mentioned in connection with the agreed statement of facts, but it is not returned with the testimony.