[No. 1531, July 25, 1913.]

J. R. DAUGHTRY, appellant, v. INTERNATIONAL BANK OF COMMERCE, appellee.

### SYLLABUS (BY THE COURT)

1.  Where a person, as soon as he learned of an unauthorized deposit of his funds in a bank, drew drafts on the same in order to immediately withdraw them, he will not be held to have ratified the deposit in the absence of proof of his assent to the deposit.

P. 126

2.  When trust funds have been commingled with the general funds of a bank, before a trust upon such general funds can be imposed, as against creditors of the bank, it must appear that the trust fund in some form still exists and came into the hands of the receiver of the insolvent bank.

P. 127

Appeal from the District Court for the County of Quay; Thomas D. Leib, District Judge; affirmed.

REID & HERVEY and TOMLINSON FORT, Roswell, N. M., for appellant.

Notice to bank of trust character of the fund. Estoppel. Rich v. Bank, 7 Neb. 201; Thomas v. Bank, 58 N. W. 943; Merchants Natl. Bank v. McAnulty, (Tex. Civ. App.) 31 S. W. 1091; Porter v. Bank, 19 Vt. 410; Rock Springs Bank v. Luman, 42 Pac. (Wyo.) 874; Central Bank v. Levin, 6 Mo. App. 543; First Nat. Bank v. Peisert, 2 Penn. 277; First Nat. Bank v. Blake, 60 Fed. 78; Tilden v. Barnard, 43 Mich. 376; LeDuc v. Moore, 111 N. C. 516; Black Hills Bank v. Kellogg, 4 S. Dak. 511, (38 Am. Rep. 197); Clerks Bank v. Thomas, 2 Mo. App. 367; Akers v. Bank, 63 Mo. App. 316; German Nat. Bank v. Grinstead, 52 S. W. (Ky.) 951; First National Bank v. Dunbar, 118 Ill. 625; Atlantic Cotton Mills v. Indian Orchard Mills, 147 Mass. 268; New Milford Bank v. New Milford, 36 Conn. 93; Loring v. Bodie, 134 Mass. 453; Holden v. Bank, 72 N. Y. 286.

Estoppel. 5 Cyc. 464, note 37, and cases cited.

Who is a depositor. State v. State Bank, 42 Neb. 890; 61 N. W. 252; York, et al., v. York Market Co., 37 Atl. 1038; Marine Bank v. Fulton Bank, 2 Wall. (U. S.) 256.

If deposit at all, was one to be specially applied. 5 Cyc., 515; Morse on Banks and Banking, (4th ed.) sec. 567; Star Cutter Co. v. Smith, 37 Ill. App. 212.

Bank insolvent when receiving a deposit. Craige v. Hadley, 99 N. Y. 131; St. Louis Co. v. Johnson, 133 U. S. 566; Whitcomb v. Carpenter, 134 Iowa, 11 N. W. 825; 10 L. R. A. (n. s.) 928.

Was Buchanan's act in depositing contrary to instructions subsequently ratified by Daughtry? McLeod v. Evans, 66 Wis. 401; In re Johnson, 61 N. W. (Mich.) 352.

Can follow trust funds if they can be identified. 3 Pomeroy Eq. Jur. (3rd ed.) sec. 1048; Taylor v. Plummer, 3 M. & S. 575.

Even though mingled they can be followed if clearly identified. Twohy Mercantile Co. v. Melbye, 78 Minn. 357; Union Nat. Bank v. Goetz, 138 Ill. 127; Wetherill v. O'Brien, 140 Ill. 146; Bright v. King, 20 Ky. Law 186; Robinson v. Woodward, 20 Ky. Law 1142; Culver v.

Cuyer, 118 Ala. 602; Slater v. Oriental Mills, 18 R. I. 352; Ober & Sons v. Cochran, 118 Ga. 396; North Dak. Co. v. Clark, 3 N. Dak. '30; Phila. Nat. Bank v. Dowd, 38 Fed. 172.

Trust funds mingled but are still in the mass. National Bank v. Insurance Co., 104 U. S. 54; Lincoln Sav. Bank v. Morrison, (Neb.) 57 L. R. A. 885; Bohle v. Hassenbrock, 64 N. J. Eq. 334; Roca v. Byrbe, 145 N. Y. 182; Winstandly v. Bank, 13 Ind. App. 544; Dunham v. Seglin, 39 Ore. 291; Holmes v. Gilman, 138 N. Y. 376; State v. Foster, 5 Wyo. 199; Shields v. Thomas, 71 Miss. 260; Ferchen v. Arndt, 26 Ore. 121.

Where trust funds went into the estate of insolvent and swelled it. Lincoln Sav. Bank v. Morrison, 64 Neb. 822, 57 L. R. A. 885; Knatchball v. Hallett, 13 Ch. Div. 696; Hazeltine v. McAfee, 5 Kans. App. 119; McClure v. La Plata Co., 19 Colo. 122; Hopkins v. Burr, 25 Colo. 502; Kansas State Bank v. First State Bank, 62 Kans. 788; Cushman v. Goodwin, 95 Me. 353; Shields v. Thomas, 71 Miss. 260; Tierman's Exrs. v. B. & L. Assn., 152 Mo. 135; Midland Nat. Bank v. Brightwell, 148 Mo. 358; Metropolitan Natl. Bank v. Campbell Co., 77 Fed. 705; In re Wolf, 99 Fed. 485.

Where sufficient funds come into receiver's hands to satisfy trust debt and funds at no time since conversion been less than trust debt. Continental Nat. Bank v. Weems, 69 Tex. 489; Massey v. Fisher, 62 Fed. 958; Noone County Bank v. Latimer, 67 Fed. 27; Onotok Silk Co. v. Flanders, 87 Wis. 237; In re Wolf, 99 Fed. 485; Cavin v. Gleason, 105 N. Y. 256; Wulbern v. Timmons, 55 S. C. 456; Knatchbull v. Hallett, 13 Ch.-Div. 696.

If trust funds went to augment estate cestui trust has a lien on the general assets of the estate. McLeod v. Evans, 66 Wis. 401; Peak v. Elliott, 30 Kans. 156; Myers v. Board of Education, 51 Kans. 87; Harrison v. Smith, 83 Mo. 210; People v. City Bank, 96 N. Y. 32; Hubbard v. Alamo Co., 53 Kans. 637; Ryan v. Phillips, 3 Kans. App. 704; Independent District v. King, 80 Iowa 497; Davenport Plow Co. v. Lamp, 80 Iowa, 722; Boyer v. King. 80

Iowa, 498; Capital Nat. Bank v. Coldwater, 49 Neb. 786; State v. Midland Bank, 52 Neb. 1; Kimmell v. Dickson, 5 S. Dak. 221; Reeves v. Pierce, 64 Kans. 502; Midland Nat. Bank v. Brightwell, 148 Mo. 358.

EDWARD R. WRIGHT, Santa Fe, N. M., and HARRY H. McELROY, Tucumcari, N. M., for appellees.

If the principal ratifies the transaction of agent, who is representing two adverse interests, with full knowledge of the facts, he is bound. 31 Cyc. 1572, B. note 92; 31 Cyc. 1248, (II).

Principal must have full knowledge of all material facts at time of ratification. 31 Cyc. 1253. Unless principal chooses to act without such knowledge. 31 Cyc. 1357 (III).

Ratification may be implied. 31 Cyc. 1263, c. note 3, 1264.

Ratification with knowledge binds principal. Truslow v. Bridge Co., 57 S. E. 51; British Am. Ass. Co v. Cooper, 46 Pac. 147; 31 Cyc. 1283, 4, note 38.

Attempt to enforce contract or take advantage of it, after knowledge of facts, is ratification. 31 Cyc. 1280, (IV), note 12; Jones v. Atkinson, 68 Ala. 167; Hatch v. Taylor, 10 N. H. 538; Medomak Bank v. Curtis, 24 Me. (11 Shep.) 36; Rosenthal v. Hasberg, 84 N. Y. Sup. 290; Bank v. Brewing Co., 33 N. E. 1054; Dabney v. Bank, 3 S. C. (3 Rich.) 124; Thompson v. Mfg. Co., 53 S. E. 908; 6 L. R. A. n. s. 311; Truslow v. Bridge Co., 57 S. E. 51; 31 Cyc. 1275 (III); State v. State Bank, 42 Neb. 896.

Relation of Debtor and Creditor created by deposit of fund in bank. Bank v. Brewing Co., 33 N. E. 1054; Dabney v. Bank, 3 S. C. 124; In re Madison Bank. Fed. Cas. No. 890; Mathews v. Creditors, 10 La. Ann. 344; Baker v. Kennedy, 53 Tex. 200.

A court of equity can only decree on a case made by the pleadings. Truslow v. Bridge Co., 57 S. E. 51; Welfley v. Shenandoah, etc., Co., 3 S. E. 376.

Daughtry v. Bank, 18 N. M. 119.

Sufficiency of pleadings and proof to establish the trust fund. Stevens v. Williams, 91 Wis. 58; 64 N. W. 422; and cases cited; Henry v. Martin, 88 Wis. 367; 60 N. W. 263 and cases cited; In re Irish Amer. Bank, 73 N. W. 6.

Burden is upon one seeking to fix trust. In re Irish Amer. Bank, 73 N. W. 6, 70 Minn. 238; Bank v. Bank, 15 Fed. 858.

Ill. Rule. Trust funds can be followed only when they can be distinguished from other property. Moniger v. Security T. & T. Co., 90 Ill. App. 246; Union Natl. Bank v. Goetz, 138 Ill. 127; Wetherill v. O'Brien, 140 Ill. 146; Bayor v. Amer. T. & Sav. Bank, 157 Ill. 62; Lauterman v. Traveous, 73 Ill. App. 670, affirmed in 174 Ill. 459.

Not recoverable unless they can be distinguished from other money. Whitecomb v. Jacob, 1 Salk 160; Taylor v. Plummer, 3 Maule & S. 574; Ex parte Dale, 2 Ch. Div. 772; Billingsley v. Pollock, 69 Miss, 759, 13 So. 828; Bank v. Davis, 115 N. C. 226, 20 S. E. 370; Lebanon Trust & Saf. Dep., etc., 166 Pa. St. 622, 31 Atl. 334; 2 Story Eq. Jur., sec. 1258, 1259; 2 Pom. Eq. Juris., sec. 1051, 1058.

Can be recovered, though mixed, if identical money of the trust fund is in the mixture. Bank v. Dowd, 38 Fed. 172; Met. Nat. Bank v. Campbell Com. Co., 77 Fed. 705 and cases cited; Bank v. Lattimer, 67 Fed. 27; Spokane Co. v. First Nat. Bank, 68 Fed. 979 and cases cited.

Or if there has always remained on hand a balance of the mixture equal to the amount of the trust fund which originally entered into the mixture. Cavin v. Gleason, 105 N. T. 256, 11 N. E. 504; Silk Co. v. Flanders, 87 Wis. 237, 58 N. W. 383; Bank v. Weems, 69 Tex. 489, 6 S. W. 802; Knatchbull v. Hallett, 13 Ch. Div. 696.

Cestui qui trust has a lien on the general assets of that estate. Harrison v. Smith, 83 Mo. 210; Peak v. Ellicott, 30 Kan. 156, 1 Pac. 499; People v. City Bank, 96 N. Y. 32; McLeod v. Evans, 66 Wis. 401, 28 N. W. 173, 214.

Bank collecting money for another holds the same as trustee for owner. Assoc. v. Morris, 36 Neb. 31, 53 N. W. 1037.

Trust funds can be followed by cestui que trust. Italian Fruit & Imp. v. Penniman, 61 Atl. 694, 100 Md. 698, 1 L. R. A. n. s. 252, and cases cited in note; Jones v. Chesebrough, 105 Ia. 303, 75 N. W. 97; Northern Dakota Elev. Co. v. Clark, 3 N. Dak. 26, 53 N. W. 175; State v. Bank of Commerce, 54 Neb. 725, 75 N. W. 28; Woodhouse v. Crandall, 197 Ill. 104, 64 N. E. 292; 58 L. R. A. 385; Board of Fire, etc., v. Wilkinson, 44 L. R. A. 493, (Mich.); Shute v. Hinman, 56 Pac. 412, 34 Ore. 578; affirmed 58 Pac. 882, 47 L. R. A. 265; Bruner v. First Nat. Bank, 34 L. R. A. 532, (Tenn.); Crawford Co. v. Strawn, 15 L. R. A. n. s. 1100; Sayles v. Cox, 32 L. R. A. (Tenn.), see case note; Boone County Nat. Bank v. Latimer, 67 Fed. 27.

When bank fails the cestui que trust must prove his claim as a general cerditor. Dowie v. Humphrey, 91 Wis. 98, 64 N. W. 315.

Equality is equity in distributing insolvent estates. Burnham v. Barth, 89 Wis. 367-370, 62 N. W. 69; Silk Co. v. Flanders, 87 Wis. 237, 58 N. W. 383; In re Plankington Bank, 87 Wis. 378, 58 N. W. 784; Henry v. Martin, 88 Wis. 367, 60 N. W. 263; Thuemmler v. Barth, 89 Wis. 381, 62 N. W. 94.

Bank, as agent, mixing trust funds with its own. In re Johnson, 103 Mich. 109, 61 N. W. 352, and cases cited; Enright v. Earling, 134 Wis. 565, 115 N. W. 128, 27 L. R. A. n. s. 243; York v. York Market Co., 37 Atl. 1038.

Court cannot presume anything which appellee has had no opportunity to deny. Truslow v. Bridge Co., 57 S. E. 51; Welfley v. Shenandoah I. L. M. & M. Co., 3 S. E. 376.

## OPINION OF THE COURT.

PARKER, J.—It appears that appellant by means of a loan which he negotiated with an insurance company, obtained a draft for $5,000.00; that he authorized one W. F. Buchanan, the president of the defendant, bank, as an individual, to endorse said draft and to pay certain debts of appellant from the proceeds thereof, and instructed him to send appellant a draft for the balance of the money

available out of said loan, to Roswell, New Mexico; that said Buchanan endorsed said draft and paid the said debts of appellant leaving a balance due him of $1,352.40; that, contrary to the instructions given, said Buchanan did not send said funds to appellant but placed the same on deposit with the defendant bank to the credit of appellant; that appellant never intended to become a general depositor of said defendant bank and that said deposit was contrary to his instructions and without his authority and against his wishes; that appellant was not advised as to the exact amount of such balance, but as soon as he ascertained that said draft had been received and that said balance had been deposited with the defendant bank, he made a draft against said bank for the sum of $1,000.00, and as soon as he knew the exact amount on deposit he made an additional draft for $350.00 on such bank in order to acquire for himself all of the available money remaining out of said loan; that before his said drafts were honored the defendant bank went into liquidation; that thereupon appellant filed a claim with the receiver of said insolvent bank for the said amount and asking that a preference be allowed of the same over the general creditors or depositors of said bank; that said receiver disallowed said preferences, and that thereupon appellant appealed to the District Court for the County of Quay. The receiver interposed a demurrer to the petition of appellant which was sustained by the District Court and the preference was rejected; thereupon appellant appealed to this court.

The demurrer interposed by the receiver and sustained by the court raised, in various forms two propositions, viz.:—(1) Assuming that said funds were deposited in said bank by said Buchanan without the knowledge or consent of appellant and that said bank had knowledge of the special character of the funds, nevertheless appellant by his petition shows that he ratified said deposit and became a creditor of the bank, and thereby losing his right to preference over other general creditors. (2) The fund sought to be charged is not shown by the allegations of the petition to have come into the hands of the receiver.

The first proposition we do not find to be well founded. It is, of course, true that the ordinary general deposit of money in a bank passes the title of the money to the bank and creates the relation of debtor and creditor between the bank and the depositor. But such relation arises only when the transaction is the ordinary business transaction and when such consequences are contemplated by the parties. In the case at bar, however, appellant never consented, in the first instance, at least, to the creation of any such relation. His expressed instructions were to remit the balance to him. Said Buchanan accepted the agency as president of the bank and the bank necessarily had knowledge of the character of the fund. Ratification of the deposit as an ordinary deposit in a bank is sought to be established by the fact that appellant drew drafts on the deposit as soon as he learned of the violation of his instructions. We can not so interpret the facts alleged. If appellant was shown to acquiesce in the deposit a different proposition would be presented. If he had so conducted himself as to show that he was willing to allow the funds to remain on deposit and to check them out as, in the ordinary course of his business, he might require them, then he might be held to have ratified the action of his agent. But as appears, he chose one of two ways open to him to immediately withdraw the funds. He might have demanded of the bank an immediate remittance of the funds, or, as he did do, he might draw drafts on the fund and thus withdraw the same immediately. It is his assent, or non-assent, to the deposit which controls, not his method of withdrawal. The method of withdrawal may often be evidence of the depositor's assent to the deposit, but in this case no assent is shown by the mere fact of drawing drafts for the entire amount of the fund immediately upon learning of the unauthorized deposit.

The more important question is involved in the second proposition. The bare fact appears from the petition that the funds were deposited in the bank under circumstances which would make the bank a trustee. No allegation is made that the funds ever came into the hands of

the receiver. Counsel for appellees argue that the receiver's report of the resources of the insolvent bank, in which it appears that assets in cash and in credits in other banks largely in excess of the claim of appellant came into his hands, was not before the court, there being no reference to the same in the petition. But they rely upon this report to show that only $81.10 in cash came into his hands. Upon this fact they base one of the grounds of the demurrer to the petition to the effect that it appears that the fund had been dissipated prior to the insolvency of the bank, and that the trust, consequently, had failed. No basis for such ground of demurrer can be found outside of the receiver's report, and we conclude that the parties and the court must have treated the same, and the facts therein contained, as before the court for consideration in passing upon the demurrer and by way of supplement to the petition.

We have then a case of a deposit of money under such circumstances as to make it a trust fund, commingled with the general funds of the bank prior to insolvency, and where it appears that there comes into the hands of the receiver of the insolvent bank moneys and credits largely in excess of the claim of the said *cestui que trust*. But appellant omits to allege the essential fact necessary to enforce the trust. It appears from the petition and receiver's report that only $81.10 in money came to the receiver. Consequently, all of the appellant's money, except that amount at least, had been in some way used by the bank. Whether any of appellant's money had been deposited in the other banks where credits are shown does not appear, either from the petition or report. For all that appears these credits may have arisen from the deposit of funds long prior to the receipt of appellant's money by the bank and may bear no relation whatever to the same. The presumption, therefore, much relied upon by appellant, to the effect that if the trustee used funds out of the mass in which those of the *cestui que trust* have been commingled, the funds so used will be held to be those of the trustee and not those of the *cestui que trust,*

fails. If the trustee had always had on hand from the receipt of the trust fund to the date of insolvency a sufficient amount of the commingled mass to pay the *cestui que trust,* there is room for the operation of the presumption. But where the fund has been dissipated, as in this case, allegation and proof as to what has become of it are necessary in order to trace the same. This is clearly pointed out in,

Crawford Co. Commrs. v. Strawn, 15 L. R. A. (N. S.) 1100, where, in an opinion by Judge Lurton, it is said:

"The trust fund is not traced into any of the rediscounts or collections, which in part made up the credits in these banks. That the moneys remitted were not out of the trust fund is to be presumed; for the presumption upon which equity acts in respect of the character of the funds drawn out of the commingled mass of money in the bank's vaults is that the bank drew out only its money, leaving in its vault the money which it was obligated to retain and not use for any private purpose."

See also 38 Cyc. 539-540; Lowe v. Jones, 192 Mass. 94, 7 A. E. Ann. cases, 551 and note.

No general rule on the subject following trust funds had been announced in this jurisdiction and we are not at liberty to announce one in this case owing to the condition of the pleadings. All that we can decide in this case is that, taking the most advanced and liberal position sanctioned by any of the rules in the various states as a basis of determination in favor of the *cestui que trust* under the circumstances like those in this case, still the allegations of the petition, supplemented by the facts stated in the receiver's report, are insufficient to state a cause of action.

We assume that, as against the general creditors of an insolvent bank a trust can not be impressed upon the general assets of the insolvent unless the trust fund in some form still remains in the assets and comes to the receiver. In such cases it is a right of property and not compensation for its loss that is to be enforced. We likewise assume that the burden of tracing the fund is upon the person as-

serting the preference and that the allegation in some form must be made showing that the fund still exists in the hands of the receiver in order to permit proof of such facts. This has not been done in this case.

We regret that this case must go off upon a question of pleading and not be determined upon its merits. But until the facts are before us under proper pleadings it will be improper for us to lay down abstract rules of law upon the subject of the right to follow trust funds and when they have or have not been sufficiently traced and identified.

For the reasons stated the judgment of the lower court will be affirmed, and it is so ordered.

### SYLLABUS (BY THE COURT)

