[No. 3271. Sept. 7, 1928.]

SINCLAIR REFINING CO. v. TIERNEY.

[270 Pac. 792.]

Chas. H. Fowler, of Socorro, for appellant.

Edward D. Tittmann, of El Paso, Tex., for appellee.

## OPINION OF THE COURT

BICKLEY, J.   This is a suit by plaintiff (appellant) against defendant (appellee) ; its purpose being to have assets in the hands of the receiver impressed with a trust in favor of appellant in the sum of $350.   The court denied the relief sought, and plaintiff appeals.   The agreed statement of facts upon which the case was tried is as follows:

"That on May 15th, 1925, the Sinclair Refining Company, the plaintiff, transmitted to the Socorro State Bank a check of one G. C. York, dated April 28, 1925, which was drawn on the Socorro State Bank payable to the plaintiff, and had been previously dishonored.   With said check was a letter of instructions from the plaintiff to said bank, in words and figures as follows, to wit:

" 'Sinclair Refining Company, Refiners of Petroleum, General Offices, Chicago.   Sinclair Oils.   Cable Address "Sorcorp."   Address all communications to the company, 1921 Harrison Street, Kansas City, Mo.   Prices subject to change without notice. Orders accepted contingent upon strikes, accidents, delays by carriers or other causes beyond our control.   May 15, 1925.   Socorro State Bank, Socorro, New Mexico.   G. C. York—Socorro, New Mexico—Check Insufficient Funds $705.61—UCA—No. 12180.   *Magdalena Station*.   Gentlemen:   We wish to advise that under date of April 28, we received check from the above named in the amount

of $705.61 drawn on your bank. You have returned check with notation "insufficient funds." We are attaching check hereto and kindly ask that you endeavor to make collection, deducting your fee, and remit to this office in the self-addressed, return envelope inclosed. Thanking you for your prompt attention, we remain

"'Yours very truly,

"'Sinclair Refining Company,

" 'VHE:b                    District Credit Manager.'

"No other instructions relative to said collection item were ever given by the plaintiff to said bank.

"That thereafter, on May 28, 1925, said G. C. York, having been notified by the bank that it held such check for collection, gave to the bank in part payment of said check or collection item his check for $350, drawn upon his account in said bank, in words and figures as follows, to wit:

" 'G. C. York, Jobber of Petroleum Products. No. 431. Socorro, N. M., 5/28 1925. The Socorro State Bank: Pay to yourselves, or order $350.00, three hundred and fifty dollars. To the Socorro State Bank, 95-90 Socorro, N. Mex.

" 'G. C. York.'

"At that time York's balance in the bank exceeded $500; being 545.41 at the beginning of the business day, May 28, 1925, and $464.12 at the close of that day. The check for $350 given by him was charged against and deducted from his account, and stamped 'Paid 5-28-25,' by the bank.

"At that time also the bank had in cash on hand the sum of $6,763.28, and approximately that amount at all times thereafter until it suspended business on June 6, 1925, at which time it had in cash on hand $5,172.19. At no time after the giving of said $350 check was the amount of cash on hand of the bank less than $4,000 or $5,000.

"The plaintiff was not a depositor or customer of the Socorro State Bank. Upon receiving the $350 check from York and charging the same against his account, the said bank did not deposit the amount thereof to an account of plaintiff nor give it any credit upon the books therefor, but said bank immediately drew its draft on the Hanover National Bank, of New York, with which it had a sufficient deposit, for $350, and forwarded said draft to the plaintiff with a letter of transmittal in words and figures as follows, to wit:

" 'The Socorro State Bank. Capital $60,000.00. Socorro, New Mexico, May 28th, 1925. Sinclair Refining Company, Kansas City, Missouri—Gentlemen: Inclosed you will find our New York draft No. 8022 for $350.00, which is in part payment of G. C. York's check for $705.61, we have credited this amount on this check, leaving a balance of $355.61, which will be taken up within the next few days. Yours very truly, J. C. Stapleton, Cashier.'

"That such draft was defective; it not being signed by any officer or employee of the Socorro State Bank, and it was never paid. That no remittance was made by the Socorro State Bank to the plaintiff on account of the $350 paid by York on the col-

lection item. That no other agreement relative to the handling of the collection was made by the parties, and that said bank made no attempt to collect any fee for its services.

"When the Socorro State Bank drew its draft on the Hanover National Bank, as aforesaid, it credited the account of said National Bank with $350, but. said draft was never paid, and after the Socorro State Bank suspended it was ascertained upon reconcilement of accounts that it had credit with the Hanover National Bank in excess of the amount of its account therewith as shown by the Socorro State Bank's books. That a part of the discrepancy between the accounts of the two banks was due to the credit of $350 given by the Socorro State Bank, as aforesaid, upon its issuing the defective draft which was never paid by the Hanover National Bank. When the Socorro State Bank suspended its records showed a balance with the Hanover National Bank of $5,173.31, and drafts outstanding or afloat amounting. to $10,-119.49. The Hanover National Bank showed a balance in favor of the Socorro State Bank amounting to $15,292.80.

"When the defendant Tierney took charge of the Socorro State Bank, as receiver, actual cash of the bank in excess of $350 came into his hands. That at no time after the payment by York on said collection item and until the defendant took charge as receiver was there less than $350 in actual cash in the bank in excess of all preferred claims which have been filed against the estate.

"That the incorporation of plaintiff and its right to do business in New Mexico, the failure of the Socorro ·State Bank and the appointment and qualification of Tierney as its receiver, and the presentment of plaintiff's claim and its denial as a preferred claim by the receiver, are all substantially as alleged in the complaint."

The question involved in this appeal upon the agreed statement of facts is whether the Sinclair Refining Company is a preferred creditor or a mere general creditor of the Socorro State Bank. Certain principles must be considered as settled. When a note, draft, or check is sent by one individual or bank to another bank for collection and to remit the proceeds to the sender, the relation of principal and agent is created and not that of creditor and debtor. It seems plain that in·the case at bar the relation of principal and agent was created and continued to exist between the appellant and the Socorro State Bank. See First National Bank of Raton v. ·Dennis, 20 N. M. 96, 146 P. 948; State v. McKinley County Bank, 32 N. M. 147, 252 P. 980.

In the latter case, we held that the status of·the collecting bank changed from trustee to debtor when it had collected and had followed instruction by remitting. The converse is true, that a failure to remit in accordance

with instructions would result in the status remaining unchanged. In the case at bar, the collecting bank, after making the collection, failed to remit.

But appellee contends that, even if it shall be held that the relation of debtor and creditor did not arise between the bank and the sender of the item, the bank's assets were not augmented by the transaction, and therefore the plaintiff is not entitled to à preference.

If the transaction in question is to be considered the equivalent of the collection of the item of $350 in cash, we do not understand appellee to claim that the judgment of the court is correct, but he contends that such transaction was not equivalent to a cash collection; that it was a mere bookkeeping transaction; that neither the assets nor·the cash resources of the bank were affected by it.

Ordinarily, as between the bank and York, it would be entirely immaterial whether the transaction took the form it did or whether the bank required York to obtain from the bank the cash on his $350 check and pay it to the bank, to be remitted to the Sinclair Refining Company. Such a formality, ordinarily so useless, so contrary to bank custom, would have been entirely superfluous. A court of equity, in the endeavor to determine conflicting rights, is not naturally impressed with a distinction so unsubstantial. See State v. McKinley County Bank, supra. In Messenger v. Carroll Trust & Savings Bank (1922) 193 Iowa, 608, 187 N. W. page 545, concerning a similar transaction, the court said:

"The method of collection was that the Swaney Company drew its check upon its own account in the collecting bank for the payment of the sight draft. It had an account of $4,500 against which it drew. Its check was charged against this account, and the amount thereof was put by the collecting bank into the form of Chicago exchange for the purpose of remittance. That this method of collection was the full equivalent of the payment of money by the Swaney Company and served to the augmentation of the assets of the bank in precisely the same manner as the delivery of currency would have done, is held in the following authorities: British & American Mortgage Co. v. Tibballs, 63 Iowa, 468, 19 N. W. 319; Page County v. Rose, 130 Iowa, 296, 106 N. W. 744, 5 L. R. A. (N. S.) 886, 8 Ann. Cas. 114; Kansas State Bank v. First State Bank, 62 Kan. 788, 64 P. 634; State National Bank v. First National Bank, 124 Ark. 531, 187 S. W. 673; National Life Insurance Co. v. Mather, 118 Ill. App. 491; Arnot v. Bingham, 55 Hun,

553, 9 N. Y. S. 68; People v. Merchants' Bank, 92 Hun, 159, 36 N. Y. S. 989 Cunningham v. State, 115 Ark. 392, 171 S. W. 885; Skarda v. State, 118 Ark. 176, 175 S. W. 1190, Ann. Cas. 1916E, 586; People v. City Bank of Rochester, 96 N. Y. 32; Capital National Bank v. Coldwater National Bank, 49 Neb. 786, 69 N. W. 115, 59 Am. St. Rep. 572.

"We deem it clear that the net result of the transaction of payment by the Swaney Company and the receipt thereof by the collecting bank was the same as though the Swaney Company had drawn the currency into its own hands by means of check, and had thereupon delivered the same to the collecting bank in payment of the sight draft. Such is the holding of the cited cases."

The Missouri Supreme Court, in Federal Reserve Bank v. Millspaugh (1926) 314 Mo. 1, 282 S. W. 706, said:

"Where a note, a check, or a draft is forwarded by one bank to another, bearing a restrictive indorsement 'for collection and remittance,' under directions to collect and forward the proceeds to the sender, the relation of principal and agent is created and not that of debtor and creditor. The funds thus collected are held to constitute a trust fund and entitled to a preference over the claims of general creditors. When the relation existing between two banks, as in the case at bar, is that of principal and agent, the funds collected by the collecting bank for the forwarding bank become impressed with a trust in favor of the owner of the item collected. This is true, although the item collected be one drawn on the collecting bank, and it is collected by charging the item against the drawer's account, or if it be an item payable at the collecting bank and it is collected by a check drawn on it. The trust in either case follows the funds into the hands of the receiver— in this instance, the finance commissioner—although the collecting bank may fail before remitting the proceeds collected, provided the following conditions exist: (1) That the item was forwarded for collection and remittance of the collected proceeds; (2) that the drawer of the check had a sufficient balance with the collecting bank to authorize the charging of the item to his account; (3) that at the time the charge was made the collecting bank had sufficient funds available to honor the check; (4) that the bank which failed had at the time the receiver took charge of same sufficient funds on hand to pay the amount it had collected"—citing cases.

We think the rules so announced are correct. All of the requisite conditions existed in the case at bar, and we hold that the plaintiff was entitled to the preference demanded.

The judgment therefore is reversed, and the cause remanded, with directions to proceed, consistently herewith, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.