[No. 3107a.  Dec. 17, 1928.]

WALKER & GILBERT v. FIRST STATE BANK OF ALAMOGORDO, N. M.

THOMASON v. SAME.

[273 Pac. 764.]

Holt & Sutherland and Holt & Holt, all of Las Cruces, for appellants.

Mechem & Newell, of Las Cruces, for appellee.

E. C. Wade, Jr., of El Paso, Tex., amicus curiæ.

### OPINION OF THE COURT

PARKER, C. J.  Walker & Gilbert, a partnership, filed with the receiver of the appellee bank an application for

a preferred claim against the assets of the bank, which application was denied by the receiver, and, upon appeal to the district court, the application was likewise denied. The facts concerning the claim are that the claimants owed two notes of $1,000 each to the bank, and remitted funds to the bank sufficient to pay the same with specific instructions to the bank to pay off the said notes with the same. The bank complied as to one of the notes, and as to the other, which had been sold or hypothecated to the El Paso branch of the Federal Reserve Bank of Dallas, they failed to comply, placed the fund to the credit of the claimants without their knowledge or consent, and they were compelled to pay the note to the El Paso bank in the amount of $1,028.05, for which the claim to preference was made. The funds remitted to the bank went into and swelled its general assets, but the same, as the district court found, were not traceable into the hands of the receiver of the bank. The bank suspended on November 14, 1923, and on November 16, 1923, the state bank examiner took charge of its assets, finding in its vaults the sum of $602.98. On January 5, 1924, the receiver took charge of the assets of the bank and received from the state bank examiner the sum of $1,817.13 in cash, of which sum $1,017.24 was on deposit in the First National Bank of El Paso in the name of the state bank examiner, theretofore in charge of the assets of the said bank. The source of this deposit is not disclosed by the evidence, and the court made no finding on the subject further than the general finding that the trust fund was not traceable into the hands of the receiver.

A stipulation is filed in this court by the parties, and with the approval of the court below, and we are asked to take into consideration the facts therein agreed to. It is stipulated:

"It is agreed that while the Walker and Gilbert claim is less than the amount of money on hand at the time of the failure, the aggregate of said claims exceeds the amount of money in the vaults of said institution and in other banks."

We see no objection to considering this stipulation, where both parties, as here, request us so to do, although such a practice is not to be generally commended. The

other claims referred to are claims theretofore referred to in the stipulation, one of which is before us at this time.

We were first inclined to take this stipulation at its face value, and to hold that it was an admission that there was on hand at the time of the failure of the bank sufficient funds to pay this claim in full. After a more careful consideration of the same, however, we are convinced that this is not what it means. It contains the specific admission that there was on hand in the vaults of the bank, when the state bank examiner took charge, the sum of only $600 (the court found that there was $602.98, and this is the amount we will take as correct); consequently, this will be the limit of the preference which can be allowed.

We have then a case where there is a trust fund in the bank when it closes its doors and goes into liquidation, and where there are moneys on hand in the bank partially sufficient to satisfy the trust for which a preference claim is filed. Under such circumstances, there is a clear right to the preference. The doctrine upon which the preference is allowed is that where a trustee pays out money from a fund composed both of the trustee's and beneficiary's money, there is a presumption that the trustee paid out his own money rather than that of the beneficiary. The money remaining with the trustee, therefore, must be held to be the beneficiary's money, and he must be held to have a preferential claim therefor. See Daughtry v. Bank, 18 N. M. 119, 127, 134 P. 220; County Commissioners v. Clapp, 24 N. M. 522, 174 P. 998; State v. McKinley County Bank, 32 N. M. 147, 252 P. 980; Sinclair Refining Co. v. Tierney, 33 N. M. 498, 270 P. 792.

The district court was in error, therefore in denying this preference to the extent of $602.98.

2. A second claim for preference was filed with the receiver by Chesley H. Thomason, as county clerk and clerk of the district court. He died pending the proceeding, and it was revived in the name of his executrix, who is the appellant here. The claim is for $3,000 and $1,000, a total of $4,000. Two parties were under indictment and

one paid to the clerk of the court $3,000, and one paid $1,000, as cash appearance bonds, thereby securing their release from custody. These funds were deposited by the clerk as a special deposit to await the result of these prosecutions. These funds, instead of being kept as a special fund by the bank, as they should have been, were commingled with the general funds of the bank, and what became of them cannot now be ascertained. There was on hand when the bank closed in its vaults a sum entirely insufficient to pay these claims. There was however, on deposit in other banks, and in the bank's vaults, the sum of $7,220.10, as shown by a statement of its resources introduced in evidence, and, in addition, there was on deposit in the Border National Bank of El Paso, in an account styled "Special Account," the sum of $26,797.19. Why or how this account was a "Special Account," or whether it was an account in which special or trust funds were kept, does not appear.

The question, therefore, is whether funds deposited in other banks are to be considered as money on hand with which to satisfy trust funds on deposit with the bank.

It is clear that if this $4,000 could be traced by evidence into a deposit in another bank, the claimant would be entitled to a preferred claim therefor. But there is no evidence on the subject, and the presumption is to the contrary. Crawford County Com'rs. v. Strawn (C. C. A.) 157 F. 49, 15 L. R. A. (N. S.) 1100.

This claimant is not entitled to participate in a preferential claim in the $602.98, for the reason that there is a presumption that the moneys, wrongfully paid out by the trustee, are paid out in the order in which they are paid into the fund. Empire State Surety Co. v. Carroll County (C. C. A.) 194 F. 593, 605; In re A. Bolognesi & Co. (C. C. A.) 254 F. 770. This being the case, Walker & Gilbert having paid their money into the bank after Thomason, the latter's money will be presumed to have been first paid out and dissipated by the trustee, leaving Walker & Gilbert's money in the fund.

It follows that the judgment of the district court in regard to the claim of Walker & Gilbert is erroneous and should be reversed, and the cause remanded to the district court, with directions to award a preferential claim to them for $602.98, and as to the judgment of Thomason the same is correct and should be affirmed and the causes remanded; and it is so ordered.

BICKLEY and WATSON, JJ., concur.