## In re Aldine Trust Company. No. 3

*John J. McDevitt, Jr.,* for exceptants.

*Joseph K. Willing* and *Lester S. Hecht,* contra.

SMITH, P. J., July 18, 1934.—This matter comes before us on exceptions filed by Girard Trust Company, substituted trustee for the Chatham Hotel, Overbrook Arms, Fairfax Hotel, and Roosevelt Hotel, to the account of William D. Gordon, Secretary of Banking, in possession of the business and property of Aldine Trust Company. In the said account, the claims of the said Girard Trust Company, substituted trustee, are classed as general demand deposits. It is the contention of the exceptant that the said deposits constituted funds held in custodia legis and consequently entitled to a preference over all demand deposits. That is the first question with which we are here concerned.

In this court there had been filed a bill in equity in the case of Eric Fisher Wood et al. v. F. H. Smith Co. et al., June term, 1930, nos. 907, 908, 910, and Eric Fisher Wood et al.v. Warren Apartments Co. et al., June term, 1930, no. 909, asking for the appointment of a substituted trustee for the said hotels and for the removal of certain trustees then in possession under deeds of trust covering the hotels. At the time of the hearing before this court, the attorneys representing the various groups of bondholders failed to agree upon the selection of a substituted trustee. This court then appointed a temporary trustee of its own selection, Mr. George E. Cantrell, and fixed his bond in the sum of $100,000. At the same hearing, there was also a disagreement between counsel representing the various groups of bondholders as to what bank or trust company the temporary trustee should select as the depository for the funds belonging to the estate that came into his hands. The group then representing the largest group of bondholders at the bar of the court suggested Aldine Trust Company as the depository. Another group suggested Girard Trust Company. The court instructed Mr. Cantrell, its temporary trustee, at the bar of the court to deposit all funds of the estate collected by him in Aldine Trust Company. The court did not mention the name of this depository in the formal decree discharging the former trustees and appointing Mr. Cantrell as temporary trustee. Subject to the court's instructions, Mr. Cantrell deposited all funds belonging to the said estate in Aldine Trust Company. After the various groups of bondholders had agreed, by decree of this court entered on December 20, 1930, in each of the aforementioned proceedings, this court appointed Girard Trust Company as substituted trustee to the said George E. Cantrell under the deed of trust covering the Chatham Hotel, Fairfax Hotel, and Roosevelt Hotel, and Aldine Trust Company was appointed successor trustee to the said Cantrell

under the trust deed covering the Overbrook Arms. Subsequently, on January 13, 1931, Integrity Trust Company was appointed successor trustee to said Cantrell under the trust deed covering the Overbrook Arms. On December 23, 1930, Aldine Trust Company was duly informed of its appointment as successor trustee under the trust deed covering the Overbrook Arms, and that Girard Trust Company had been appointed trustee in the other said cases, and was instructed that it would be necessary for said Aldine Trust Company to turn the funds over to itself and Girard Trust Company, trustees as aforesaid. On December 28, 1930, the Secretary of Banking took possession of Aldine Trust Company. At that time, it had failed to turn the funds over to itself as trustee (where it had not qualified) or to Girard Trust Company, trustee. Integrity Trust Company, on January 13, 1931, was appointed substituted trustee for the Overbrook Arms in place of Aldine Trust Company. At that time, Aldine Trust Company had on deposit the following sums:

Chatham Hotel, $19,545.68; Fairfax Hotel, $20,391.41; Roosevelt Hotel, $137.70; and Overbrook Arms, $9,163.

These separate accounts, designated by the name of each hotel, were entered in the name of George E. Cantrell, trustee, at the suggestion of the then president of Aldine Trust Company and so remained in that manner until Aldine Trust Company was taken over by the Department of Banking.

The first question is whether these funds were in custodia legis. We think not. This court merely orally suggested to the temporary trustee the bank in which the funds belonging to the various trust estates should be deposited. It was not made a part of the order or decree of record of this court. The funds were therefore not in custodia legis. The suggestion of this court was adopted by the trustee, and the accounts were opened and the deposits made in Aldine Trust Company. Such accounts generally stand on no higher ground and have no status different than the funds of any other depositor as debtor and creditor. The exception is where, by action of the bank and the trustee depositor, the account is specifically earmarked by a trust character. In this particular case, there is evidence that the president of Aldine Trust Company, at the time the account was opened, was advised by the attorney of the bondholders, who was present with Mr. Cantrell, that this court had suggested his institution as the depository of the funds of the trustee and that the said president then suggested that the accounts be opened: George E. Cantrell, trustee, and then followed the name of each of the said hotels. The mere fact that the bank had knowledge that Mr. Cantrell was a trustee of a fund does not make the bank the trustee of that fund.

To constitute the deposits a trust fund in the bank, the transaction between the bank and the depositor must impress the fund with a trust relationship like a bailment. In this case, the court exercised no control over the withdrawals of its trustee from Aldine Trust Company. Aldine Trust Company demanded no such control. The trustee was left free to deposit in the bank or withdraw sums from the bank. The trustee did not leave a definite sum with the bank to be held by it until a successor trustee was appointed by the court. If that had been done, the account would be distinguished from the one of a general deposit. This was not a special deposit to be devoted to a specific purpose and to be held separate by the bank to that end. The funds in the account were used by the trustee to operate each hotel business. The question therefore is not whether these were the general accounts of George E. Cantrell, but whether the accounts of George E. Cantrell, trustee, were special or general accounts.

In Genesee Wesleyan Seminary v. United States Fidelity and Guaranty Co., 247 N. Y. 52 (then Judge) Cardozo, stated:

"Deposits in a bank or with a banker are classified often as general or special. The presumption is said to be that a deposit is general. The relation then created is that of debtor and creditor as upon any other loan. A special deposit is sometimes said to be equivalent to a bailment. It is not always of that order. Such a deposit may exist where the duty of the depositary is to hold, not the identical bills or coins, but an equivalent sum, to be kept intact, however, for the use of the depositor (Woodhouse v. Crandall, 197 Ill. 104; People v. City Bank of Rochester, 96 N. Y. 32)."

Also, in 37 A. L. R. 120, it is stated that a deposit of trust money or fund in a bank is a general deposit, without right of preference upon the insolvency of the bank, unless the deposit is made with the understanding that the particular money is to be returned or is to be used for a specific purpose, or where the deposit itself was wrongful or unlawful.

The mere designation of the words "trustee" or "agent" is not of itself sufficient to render the deposit a special deposit as distinguished from a general one.

Since this deposit had never had impressed upon it the character of a trust fund, it is not necessary to consider the question of tracings.

### Decree

And now, to wit, July 18, 1934, the exceptions of Chatham Hotel, Overbrook Arms, Fairfax Hotel and Hotel Roosevelt to the account of Aldine Trust Company, the Secretary of Banking of the Commonwealth of Pennsylvania in possession, are dismissed.

An exception is granted to exceptants.