## NEW YORK COMMON PLEAS.

CHARLES SCHNEIDER and others agt. THE IRVING BANK.

Where a *bank* receives notice from a depositor not to pay his outstanding *check*, as he has a defence to it, and the teller of the bank promises not to pay it, but subsequently when the check is presented it is paid by the bank, the bank is liable to the depositor for the amount.

Schneider agt. The Irving Bank.

A check is but an *order* on the bank, which it has not accepted, and upon which it is not liable. It is therefore competent for the drawer to revoke the authority which he has given to the bank to apply their funds to the payment of it.

Where the drawer knew nothing about the payment of the check until his bank book was written up by the bank about a month afterwards, when he immediately called upon the bank in relation to the payment of the check: *held*, that such balancing of his account could not be considered as an *account settled* between the parties, so as to conclude the drawer.

*General Term, November*, 1865.
*Before* DALY, *F. J.*, BRADY *and* CARDOZO, *Judges*.
APPEAL from a judgment at special term.

By the court, CARDOZO, J., On the 17th of July, 1863, the plaintiffs, who kept an account with the defendant, drew a check upon it for $216.71 and delivered it to the Central Express Company. About ten minutes after the check was issued, one of the plaintiffs gave notice to the defendant that they, the plaintiffs, had a defence to it, and that the bank must not pay it. The teller, upon receiving the notice, stated that the check had not yet been presented, and promised not to pay it. Notwithstanding this notice and promise, the defendant did pay the check. There is some conflict as to the subsequent transactions between the bank and the plaintiffs, but in support of the judgment, I think we must hold that the justice found that the plaintiffs knew nothing about the payment of the check until their bank book was written up about a month afterwards, and that when the check, with their other vouchers, was thus returned to them, the plaintiffs called upon the bank about it. I do not think we can say that this amounted to an account settled between the parties.

Neither party states what was said in that interview, but as the plaintiffs called upon the defendant as soon as the check was returned to them, and that was followed by this suit at no very considerable period afterwards, I do not think it can be said that the plaintiffs acquiesced in the account, as stated by the defendant, on writing up or balancing the plaintiffs' book. The only question then, pre-

sented in the case is, whether the defendant, after receiving notice and promising not to pay the check, had the right to pay it and charge the amount as a payment to the account of the plaintiffs, and I am clearly of opinion that it could not. The check was but an order on the defendant, which it had not accepted, and upon which, therefore, it was not liable. It was perfectly competent, therefore, for the plaintiffs to revoke the authority which they had given to the bank to apply their funds to the payment of the check. The bank had not accepted or promised to pay the check, and therefore owed no duty in the premises except to the plaintiffs.

If it be conceded that the bank by this unauthorized payment, acquired whatever cause of action existed against the plaintiffs in favor of the payees of the check, yet this judgment should not be disturbed. The bank did not set up any counterclaim against the plaintiffs, but tried the case simply upon the question of their right to pay this check. Had a counterclaim been interposed, the plaintiffs might have gone into evidence to show that they had a defence to the claim in payment of which they had issued the check, as they stated to the teller of the bank. As the bank can yet sue the plaintiffs if it thinks it has acquired a cause of action by becoming possessed of the check, it will not be prejudiced by the affirmance of this judgment, which upon the testimony and the course of the trial below, is correct. The objection that the check was not tendered to the bank, was not taken below, and cannot be relied on here; but if the bank wish it, the check must be taken from the files and delivered up to it.

I think the judgment should be affirmed.