MATTHIAS H. ARNOT AND OTHERS, RESPONDENTS, v. CHARLES L. BINGHAM, RECEIVER OF THE FIRST NATIONAL BANK OF DANSVILLE, NEW YORK, APPELLANT, IMPLEADED, ETC.

*Title to negotiable paper sent to a bank for collection — right of its owner to recover the proceeds of the note from a receiver of the bank collecting it.*

A note, made by a corporation doing business at Dansville, was made payable at the First National Bank of that place, at which the corporation kept an ordinary open account. The owners of the note sent it to the Dansville Bank for collection, indorsed: "For collection, account of Chemung National Bank, Elmira, N. Y., M. H. Arnot, Prest.," accompanied by a letter stating that it was inclosed for collection.

The note was received by the Dansville Bank before its maturity, and when it matured the maker's check was drawn on that bank for the amount due thereon, delivered to the bank, and the note was thereupon canceled and surrendered up to the maker, and its check was charged against its account, which was good for much more than the amount of the check, the Dansville Bank having, at that time, current funds more than the amount of the check. The bank continued to conduct its business for four or five days and then failed.

*Held,* that the owners of the note were entitled to collect from the receiver of the bank the avails thereof so collected.

That, after the transaction above stated, relating to the payment of the note, the relation between the former owners of the note and the bank was that of bailor and bailee, or trustee and *cestui que trust,* so that the fund received by the receiver was, in fact, the property of the owners of the note, or so far impressed with a trust in their favor as to give them an equitable title thereto.

APPEAL by the defendant Charles L. Bingham, as receiver of the First National Bank of Dansville, N. Y., from a judgment, entered in the office of the clerk of the county of Chemung on the 2d day of August, 1889, after a trial at the Chemung Circuit before the court without a jury.

The action was brought to recover the amount of a promissory note which had been sent for collection to the First National Bank of Dansville, a corporation created under the laws of the United States and transacting a general banking business.

*Marsenus H. Briggs*, for the appellant.

*Frederick Collin*, for the respondents.

MARTIN, J.:

The plaintiffs were copartners, carrying on a general banking business at Elmira, N. Y., under the firm name of the Chemung Canal Bank. The First National Bank of Dansville, N. Y., was a banking corporation duly organized under the laws of the United States, and doing business at Dansville, N. Y.

Prior to August, 1887, a note, made by a corporation doing business at Dansville, for $450, due August 19, 1887, was owned by the plaintiffs. It was payable at the First National Bank of Dansville. The maker kept an ordinary open account with that bank. The plaintiffs sent the note to the Dansville bank for collection. It was indorsed "For collection, account of Chemung Canal Bank, Elmira, N. Y. M. H. Arnot, Prest." The letter accompanying it was as follows:

"LEONARD KUHN, *Cashier:*

"Your favor of the — inst. is received. I inclose for collection, Jackson, August 19th, $450.

"Respectfully, yours,

"M. H. ARNOT,

"*President.*"

The note bore the signature of the maker, "By James H. Jackson, President." It was received by the Dansville bank before its maturity. When it matured, or soon after, the maker's check was drawn on that bank for the amount due on such note, delivered to the bank, and the note was thereupon canceled and surrendered up to the maker. The check was charged to the account of the maker, which was good for much more than the amount of the check. When the note was thus paid, the Dansville bank had several hundred dollars in currency in its banking house, and more than the amount of such check. It continued business for four or five days and then failed, closed its doors, and did no business afterwards.

After the payment of such note, and up to the time of such failure, the bank continued to transact its ordinary business, receiving and paying out currency over its counter to its customers. It had on hand in currency on each day after such note was paid an amount sufficient to pay the amount of said check until the day before its failure, when it had $384.47. During that time it discounted a note for W. H. McCullum for forty dollars and forty-two cents, for which it advanced cash. The defendant Bingham was subsequently appointed receiver of the Dansville bank, and received $189.09 in money that was in the hands of the bank at the time of its failure, and the McCullum note as assets belonging to the bank. The McCullum note was afterwards paid to the receiver.

Before action the plaintiffs demanded of the bank and the receiver the avails of the $450 note so collected, which demand was refused. This action was then commenced and was tried before the court without a jury. The court awarded a judgment against the receiver, adjudging that the plaintiffs were the owners of $229.51 of the moneys received by him (being the $189.09 received by him in cash, and forty dollars and forty-two cents received on the McCullum note), and that they were entitled to the possession thereof, with interest; and directed that such sum should be paid to the plaintiffs, with costs. From the judgment entered upon this decision the defendant Bingham appeals.

It is contended by the appellant that the court was without jurisdiction in this action; that the provisions of the federal law for the establishment of national banks and for winding up their affairs provide the only remedies that are available to the creditors of such a bank; and that the remedies thus provided are exclusive of any other. If it be true that the relation between the plaintiffs and the defendant bank was that of debtor and creditor, then we think the contention of the appellant must be sustained; but, if, on the other hand, the relation was that of bailor and bailee, or trustee and *cestui que trust*, so that the fund received by the receiver was, in fact, the property of the plaintiffs, or was so far impressed with a trust in their favor as to give them an equitable title thereto, we think the rule would be otherwise. (*Corn Exchange Bank of Chicago* v. *Blye*, 101 N. Y., 303; *Craigie* v. *Smith*, 14 Abb. N. C., 409; *Cragie* v. *Hadley*, 99 N. Y., 131.)

Thus we are led to the consideration of the question whether the fund in the hands of the receiver was, in fact, the property of the plaintiffs, or so far impressed with a trust in their favor as to enable them to recover it as equitable owners thereof. The note in question belonged to the plaintiffs. It was forwarded to the Dansville bank and received by it for collection only. There was no agreement between the parties by which any title passed to the bank. The relation between the parties was that of bailor and bailee, and not that of debtor and creditor. Title to commercial paper received for collection by a bank and forwarded to its correspondent in the usual course of business, without an express agreement in reference thereto, does not vest in such correspondent, even if he has remitted on general account in anticipation of collection. Title passes only by a contract to that effect, to be expressly proved or inferred from an unequivocal course of dealing. (*Nat. Park Bank* v. *Seaboard Bank*, 114 N. Y., 34, and cases cited; *Nat. Butchers and Drovers' Bank* v. *Hubbell*, 27 N. Y. St. Rep., 396.)

If the receipt by the Dansville Bank of the maker's check, the cancellation and surrender of the note and deducting the amount of the check from the maker's account was, in effect, a collection of such check from the general fund then in the hands of the bank, so that it was bound to hold the money for the plaintiffs and apply it to the purpose for which it was collected, then we think that it was properly held that the funds remaining in the hands of the bank when it failed, as between the plaintiffs and the bank, or between the plaintiffs and the receiver, equitably belonged to the plaintiffs, as well as the amount collected on the McCullum note.

In *People* v. *City Bank of Rochester* (96 N. Y., 32) the defendant, a bank having discounted certain notes for one of its customers, who was also a depositor with it, the customer wishing to anticipate payment, gave its checks to the bank for the amount of its notes, which were received and charged in the customer's account and entry made in the books of the bank to the effect that the notes were paid. The customer at the time supposed that the defendant held the notes, but they had, in fact, been previously sold. Before the notes became due the defendant failed. In an action brought by the attorney-general, in the name of the people, a receiver was appointed. It was held in that case that an order requiring the

receiver to pay the notes out of the funds in his hands, was properly granted; that the transaction between the bank and its customer was not in their relation of debtor and creditor, nor in that of bank and depositor, but by it a trust was created, the violation of which constituted a fraud by which the bank could not profit, and to the benefit of which the receiver was not entitled.

In *Matter of Cavin* v. *Gleason* (105 N. Y., 256) in proceedings to compel an assignee, for the benefit of creditors, to pay the claim of the petitioners out of the funds in his hands, it appeared that the petitioners, just before the assignment, placed a fund in the hands of the assignor to be invested in a mortgage. Instead of doing this, he used the entire fund, except thirty dollars, in paying his personal debts, and soon thereafter made the assignment, the thirty dollars coming to the hands of the assignee. It was held that the petitioners were only entitled to a preference to that amount. In delivering the opinion in that case ANDREWS, J., said : " If it appears that trust property specifically belonging to the trust is included in the assets, the court, doubtless, may order it to be restored to the trust. So, also, if it appears that trust property has been wrongfully converted by the trustee, and constitutes, although in a changed form, a part of the assets, it would seem to be equitable and in accordance with equitable principles, that the things into which the trust property has been changed should, if required, be set apart for the trust, or if separation is impossible, that priority of lien should be adjudged in favor of the trust estate for the value of the trust property, or funds or proceeds of the trust property, entering into and constituting a part of the assets. This rule simply asserts the right of the true owner to his own property."

In *Atkinson* v. *Rochester Printing Company* (114 N. Y., 168), where deposits by the defendant were received by a bank after it was known to its officers that it was insolvent, FOLLETT, Ch. J., in referring to that subject, said : " As between the defendant and the bank it acquired no title to the notes and money deposited, and they might have been recovered from the bank or its receiver if they could have been identified or their avails traced into any fund or security." (See, also, *Cutler* v. *American Exch. Nat. Bank*, 113 N. Y., 593.)

In *Ex parte Dale & Company* (11 Ch. Div., 772) a banking com-

pany were employed as agents to collect money and to remit it to their employers. The bank received the money in cash, placed it with other cash of the bank, and informed their employers that the money had been remitted; but before the money was actually remitted the bank went into liquidation, and it was held that the money was a part of the general assets of the bank, and that the employers of the bank were not entitled to be paid in priority to the other creditors. This case was, however, disapproved of by the Court of Appeals *In re Hallett's Estate* (13 Ch. Div., 696), and must, we think, be regarded as overruled. It was held in the latter case that if money held by a person in a fiduciary character, though not as trustee, has been paid by him to his account at his bankers, the person for whom he held the money can follow it, and has a charge on the balance in the banker's hands; and, also, that if a person who holds money as a trustee or in a fiduciary character pays it to his account at his bankers, and mixes it with his own money, and afterwards draws out sums by checks in the ordinary manner, the rule in Clayton's case, attributing the first drawings out to the first payments in, does not apply; and that the drawer must be taken to have drawn out his own money in preference to the trust money. While it must be admitted that the question whether the fund recovered in this action was, in fact, the property of the plaintiffs, or so far impressed with a trust in their favor as to constitute them equitable owners thereof, is not free from doubt, still we are inclined to the opinion that the doctrine of the *Bank of Rochester Case* justified the trial court in holding that the transaction between the maker of the note, and the bank in delivering and receiving the maker's check in payment of the note, canceling it and charging the check to the maker's account, was, in fact, a collection of the amount from the general fund in the hands of the bank, and a special appropriation of that amount to the payment of the note, and that the other authorities cited warranted the court in holding that the amount thus collected or appropriated to that purpose belonged to the plaintiffs, although mingled with other moneys owned by the bank; and hence that, as between the plaintiffs and the receiver, the title to the money thus dedicated to the payment of the note remained in the plaintiffs. If the plaintiffs had title to a part of the funds in the hands of the bank, the amount paid out

should be held to have been paid from the portion belonging to the bank (*In re Hallett, supra*), and the remainder of the fund which came into the hands of the receiver should be treated as belonging to the plaintiffs.

The judgment should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.