THE PEOPLE OF THE STATE OF NEW YORK. Plaintiff, *v.* THE MER-
CHANTS' BANK OF BINGHAMTON, N. Y., Defendant.

E. & G. FRIEND & COMPANY, Respondents; GEORGE W. DUNN,
as Receiver of THE MERCHANTS' BANK of Binghamton, N. Y.,
Appellant.

*Bank, collecting a note — stands in the relation of bailor to its customer — the cus-
tomer may recover the amount from a receiver of the bank.*

E. G. Friend & Co., merchants of New York city, sent to the Merchants' Bank
of Binghamton for collection a note made by Reynolds, Rogers and Lay, resi-
dents of Binghamton, whose account was not good for the amount of the note
when it became due, but on the same day Reynolds, Rogers and Lay deposited
a sum sufficient to meet the note, whereupon the bank canceled the note as
paid, returned it to the makers and charged its amount to their account. It
then sent to E. G. Friend & Co., a draft upon the American Exchange Bank of
New York city, for the amount collected, less collection fees, but, before the
draft was presented, the Merchants' Bank of Binghamton had gone into the
hands of a receiver and the drawee refused payment of the draft.

*Held,* that E. G. Friend & Co. were entitled to full payment of the note from the
receiver, less the charges of collection;

That the relation between them and the Merchants' Bank was that of bailor and
bailee, or of trustee and *cestui que trust,* and that the fund in the hands of the
receiver was sufficiently impressed with a trust in their favor to give them an
equitable title thereto to the extent of their debt.

APPEAL by George W. Dunn, as receiver of The Merchants' Bank
of Binghamton, N. Y., from an order of the Supreme Court, made
at the Broome County Special Term and entered in the office of the
clerk of the county of Broome on the 3d day of April, 1895, direct-
ing him as receiver to pay in full the claim of the respondents.

*Mandelbaum Bros.* and *Ambrose G. Todd,* for the respondents.

*George F. Lyon,* for the appellant.

PER CURIAM:

The petitioners, E. & G. Friend & Co., are merchants in the city
of New York. On December 29, 1894, they sent to the Merchants'
Bank of Binghamton three promissory notes, payable at that bank,
made by Reynolds, Rogers & Lay, who resided in Binghamton, and
were depositors in the Merchants' Bank. Accompanying the notes

was a letter to the cashier of the bank which was as follows :· "We beg to enclose for collection, Reynolds, Rogers & Lay, $1,073.25 ; do. Am. Exch., $1,000 ; do. ' Paid,' $1,364.43, for proceeds of which please send New York exchange, and oblige." Each of these notes was indorsed upon the back, "Pay to the order of Merchants' Bk. for collection account of E. & G. Friend & Co." Friend & Co. had no account with the Merchants' Bank. The first of these notes was paid at maturity, and the bank remitted the proceeds less its charges. The second matured January 17, 1895. On that day the account of Reynolds, Rogers & Lay was not good for the amount of the note, but they deposited $634.40 to make their account sufficient to meet it. The bank thereupon stamped and canceled the note as paid, returned it to Reynolds, Rogers & Lay, and charged the same to their account. It then sent to Friend & Co. its draft upon the American Exchange Bank of New York city for the amount collected, less one dollar collection fees. Before it was presented the Merchants' Bank went into the hands of a receiver, and the American Exchange Bank declined to honor the draft. The amount deposited and standing to the credit of Reynolds, Rogers & Lay in the Merchants' Bank has never been drawn out, and there has been in that bank at all times since such deposit was made more than money enough to pay the petitioners' claim. The third note had not matured when the receiver was appointed, and it was returned to Friend & Co.

On April third a motion was made for an order directing the receiver to pay to the petitioners the sum of $999, that being the amount of the note less the commission for collecting it. This motion was based upon the verified petition of Friend & Co., and an affidavit of Frank B. Reynolds. Upon the hearing the affidavit of George W. Ostrander was read in opposition to such motion, and upon the hearing the court granted the order appealed from.

Practically the same question as is presented upon this appeal was before us in the case of *Arnot* v. *Bingham* (55 Hun, 553). In that case all the essential facts were substantially like those in the case at bar. We there held that the owners of the note were entitled to collect the proceeds thereof from the receiver of the bank to the extent of the funds he received from the bank that were in its possession when it failed. We also held that the relation between the

former owners of the note and the bank was that of bailor and bailee, or trustee and *cestui que trust*, and that the fund received by the receiver was the property of the owners of the note, or so far impressed with a trust in their favor as to give them an equitable title thereto. If that case was correctly decided, it follows that the order in this case should be affirmed. While it must be admitted that in that case we were not free from doubt, and that the General Term of the fifth department has held an opposite doctrine, still, upon a re-examination of the question we are disposed to adhere to our former decision and affirm the order appealed from.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Order affirmed, with ten dollars costs and disbursements.