In the Matter of the BANK OF CUBA IN NEW YORK, in Liquidation.

In the Matter of the Application of the SERGENT CORPORATION, Appellant, for an Order Directing the SUPERINTENDENT OF BANKS, Respondent, to Pay Over Certain Funds.

First Department, December 2, 1921.

Banks and banking — neither title to draft nor of proceeds passes to bank to which draft given for collection — title remains in drawer — relation between bank and drawer that of bailee and bailor — Superintendent of Banks taking possession before collection received has no right thereto — motion by drawer to compel Superintendent of Banks to pay over proceeds of draft granted — drawer not bound by provisions of Banking Law relating to presentation of claims by creditors.

Neither the title to a draft delivered by the drawer to a bank with which he had no account to be forwarded for acceptance and collection nor the proceeds thereof vest in the bank to which the draft is thus delivered, for the relation of the bank and the drawer is that of bailee and bailor, and so the title to the draft and to the proceeds of the collection thereof, although merged in the funds of the bank, remain in the drawer.

Accordingly the Superintendent of Banks, who takes possession of a bank after a draft has been given to the bank for acceptance and collection, and before the collection is returned to the bank, does not acquire title to the money collected on said draft and received by him in due course from the bank's correspondent, and a motion by the drawer to compel the Superintendent to pay over the proceeds of the draft should be granted.

The provisions of the Banking Law with respect to the presentation of claims by creditors against the bank do not apply and do not confer any authority on the said Superintendent to withhold property to which the bank has no title and upon which it has no lien.

APPEAL by the petitioner, The Sergent Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of September, 1921, denying the petitioner's motion for an order directing the Superintendent of Banks to pay over certain funds, as resettled by an order, entered in said clerk's office on the 11th day of October, 1921.

*George W. Smyth* of counsel [*Ehlermann, Smyth & Abbott,* attorneys], for the appellant.

*Warren C. Fielding* of counsel [*Jeremiah T. Mahoney* with him on the brief; *Phillips, Mahoney & Leibell,* attorneys], for the Superintendent of Banks, respondent.

LAUGHLIN, J.:

On the 11th day of April, 1921, pursuant to the Banking Law (§ 57 *et seq.*), the Superintendent of Banks took possession of the Bank of Cuba in New York, a domestic banking corporation, for the purposes of liquidation, and ever since has been and still is so in possession thereof.   Appellant, on the 16th day of December, 1920, delivered to said bank three drafts on Antonio del Rio, of Havana, Cuba, to whom it had made three shipments of goods by the steamer *General Consul Pallissen,* with bills of lading for the goods and the other documents required with respect to shipments attached thereto, with instructions by letter inclosing the documents to forward the same to the correspondent of the bank in Havana " for collection only " and to deliver the bills of lading ·to the drawee on his acceptance of the draft, and with a request that it and its agents who were named be notified of the acceptance and payments of the drafts.   The drafts and accompanying papers were forwarded by the bank to the correspondent in Havana, viz., Banco Nacional de Cuba, and one of the drafts for $2,382.77, with which only we are concerned, was by the latter presented to the drawee and accepted and was paid to it on the 8th or 9th of April, 1921, and thereupon in accordance with the usual and customary practice in such cases, it credited the Bank of Cuba in New York with the proceeds thereof and forwarded to the Bank of Cuba in New York an advice thereof, which was received

by the Bank of Cuba in New York at ten o'clock in the forenoon on the 14th day of April, 1921, which was the first information it obtained that the draft had been accepted and paid. Appellant had no account with the Bank of Cuba in New York and the drafts were delivered to said bank to be forwarded for collection only and when collected to remit the proceeds to the appellant; and said correspondent was not affiliated with the Bank of Cuba in New York but was merely its correspondent in Havana. The Bank of Cuba in New York had been closed and the Superintendent of Banks had been in possession thereof three days before the receipt of the advice that the draft had been paid. Appellant demanded that the Superintendent of Banks pay over to it the proceeds of the collection; but its demand was refused on theory that it was a demand for priority payment. It appears that the usual and customary course was followed in forwarding and collecting the draft and advising the Bank of Cuba in New York thereof; and that there was no negligence on the part of either bank with respect thereto.

The motion was not resisted by the Superintendent of Banks on the ground that it was not competent for the court to grant the relief in this summary manner and that the appellant should be left to his remedy at law by an action in replevin or for conversion, but solely upon the ground that in the opinion of the Deputy Superintendent of Banks, in charge of the liquidation, the proceeds of the collection became an asset of the Bank of Cuba in New York and that the appellant's only remedy was afforded by the provisions of the Banking Law with respect to the presentation and allowance of its claim and an application for priority in the payment thereof over other creditors to be made in the Supreme Court by motion on the refusal of the Superintendent of Banks to accord priority and make the payment. (See 'Banking Law, §§ 72–78.) Appellant, in the first instance, proceeded upon that theory and filed its claim and also a claim for priority with the Superintendent of Banks, who did not act thereon, for the reason that the time within which claims of creditors might be filed had not expired and that his time for accepting or rejecting the claims had not expired. It is not necessary to discuss at length the point with respect to the jurisdiction of the court

over the Superintendent of Banks by summary application since that point was not presented in opposition to the motion; but it may be observed that the Superintendent of Banks is a statutory receiver of moneyed corporations (Banking Law, §§ 69, 71; *Matter of Union Bank,* 204 N. Y. 313, 316; *Richards* v. *Robin,* 178 App. Div. 535, 540; *Matter of Carnegie Trust Co.,* 206 N. Y. 390; *Lafayette Trust Co.* v. *Beggs,* 213 id. 280; *Matter of Bologh,* 185 Fed. Rep. 825), and a precedent has been established in the State courts for such an application to the courts as was here made and for the decision of the ownership of the property thereon (*Matter of Northern Bank of New York,* 85 Misc. Rep. 594; affd., 163 App. Div. 974), and that there is also a precedent in the Federal courts for like applications with respect to property of a petitioner not assets in the hands of a trustee in bankruptcy (*Matter of Stewart,* 178 Fed. Rep. 463). There can be no doubt that neither the title to the draft nor to the proceeds thereof ever vested in the bank and that both remained in the appellant, for the rule is well settled that in such case the relation between the party delivering the draft to be forwarded for acceptance and for collection and the bank to which it is delivered is that of bailee and bailor and not of debtor and creditor, and that the title to the draft and to the proceeds of the collection, although merged with the funds of the bank, remained in the appellant. (*Arnot* v. *Bingham,* 55 Hun, 553; *Blair* v. *Hill,* 50 App. Div. 33; affd., 165 N. Y. 672; *Bank of America* v. *Waydell,* 187 id. 115; *National B. & D. Bank* v. *Hubbell,* 117 id. 385; *National Park Bank* v. *Seaboard Bank,* 114 id. 28; *Jaffe* v. *Weld,* 155 App. Div. 110; affd., 208 N. Y. 593; *Dickerson* v. *Wason,* 47 id. 439.) Payment by the drawee to the correspondent of the Bank of Cuba in New York was payment to the latter. (*St. Nicholas Bank* v. *State National Bank,* 128 N. Y. 26; *Briggs* v. *Central Nat. Bank of City of N. Y.,* 89 id. 182.) The Superintendent of Banks, who is in effect a statutory receiver, acquired no title to the property in the custody of the bank, or which came into his custody, which it did not own; and the provisions of the Banking Law with respect to the presentation of claims of creditors against the bank and the acceptance and payment thereof plainly relate to the administration of the assets of the bank only and confer upon the

Superintendent of Banks no authority to withhold property to which the bank has no title and upon which it has no lien. (Banking Law, §§ 72, 76, 78; *Cragie* v. *Hadley*, 99 N. Y. 131; *Corn Exchange Bank of Chicago* v. *Blye*, 101 id. 303; *Arnot* v. *Bingham, supra; Importers & Traders' Nat. Bank* v. *Peters*, 123 N. Y. 272.)   It follows that the order should be reversed and motion granted, without costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed and motion granted, without costs.