SAMUEL FITELSON, Respondent, *v.* THE STATE BANK OF CHURCH-VILLE, Appellant, Impleaded with HYMAN G. NOVIDNOR, Defendant.

Fourth Department, December 5, 1923.

**Banks and banking — action to recover damages for failure of defendant to transmit draft with bill of lading attached to specified bank — draft was never presented — defendant's negligence question of fact for jury — error to charge that plaintiff might recover his traveling expenses incurred while he was trying to locate draft.**

In an action to recover damages for the failure of the defendant to transmit a draft with a bill of lading attached to a bank in Brooklyn, N. Y., to which the parties agreed it should be sent, in which it appeared that both the consignee and the plaintiff called at the bank to which the draft was agreed to be sent and failed to find it and that it was not presented and was not located for several days and in the meantime the shipment of fruit which the draft covered spoiled, the question of the defendant's negligence is a question of fact for the jury.

It was error for the court to charge the jury that the plaintiff might recover as a part of his damages the traveling expenses he incurred while he was trying to locate the draft and the bill of lading.

APPEAL by the defendant, The State Bank of Churchville, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 13th day of April, 1923, upon the verdict of a jury, and also from an order

entered in said clerk's office on the 20th day of April, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Decker & Menzie* [*George P. Decker* of counsel], for the appellant.

*James L. Brewer*, for the respondent.

CROUCH, J.:

Plaintiff shipped a carload of apples to vendees in Brooklyn, N. Y. The complaint herein alleges that defendant "contracted with plaintiff to transmit to said vendees through the Brooklyn Trust Company of Brooklyn, New York, a sight draft for collection of part of the agreed price of said carload of apples, together with a bill of lading for said apples attached, which bill of lading the said defendant bank * * * agreed to deliver to plaintiff's vendees through said Brooklyn Trust Company, upon the payment of said draft by plaintiff's said vendees, * * * and said defendant bank at said time duly accepted said draft for collection."

The effect of these allegations is to charge that the defendant was an agent for collection, not merely for transmission. (*Matter of Bank of Cuba*, 198 App. Div. 733; *McBride* v. *Illinois National Bank*, 163 id. 417.) On the evidence, however, it apparently makes no difference whether the defendant was the one or the other. If it was an agent for collection, there was a special agreement that the collection should be through the Brooklyn Trust Company. If it was an agent for transmission merely, still the agreement was that it should transmit to the Brooklyn Trust Company, through whom the presentation was to be made, and any negligent failure to do either would render the defendant liable.

The carload of apples covered by the bill of lading appears to have been shipped on the 19th of April, 1921. The draft was dated April 20, 1921, and was indorsed on that date by defendant, and mailed to the Traders National Bank of Rochester. The car arrived at destination on April twenty-third. The consignees received notice to that effect the same day. The Traders National Bank forwarded the draft and bill of lading to the Irving National Bank of New York, which received it on April twenty-second. The consignees made inquiries at the Brooklyn Trust Company for the draft and bill of lading on the twenty-third. Not finding it, they wired plaintiff, who at once notified defendant and then himself went to New York that night. The following morning, the twenty-fourth, plaintiff went to the Brooklyn Trust Company with the consignees and made inquiry. Plaintiff offered to show what took place at that time, but was prevented by defendant's objections. However, there is testimony from which the jury could find that the draft was not at the Brooklyn Trust Company.

Papkoff, one of the consignees, testifies that he did not find it at the bank. Plaintiff testifies that he inquired for it, did not get it, and came back to Churchville and told defendant's president that he had looked for the draft, but it was not there. Several days later plaintiff returned to New York, and in company with the consignees went to the Irving National Bank in New York, and there found the draft and bill of lading. The indorsements on the draft indicate that it had been in the hands of the Globe Exchange Bank of Brooklyn, but there is nothing to indicate that it was ever in the hands of the Brooklyn Trust Company.

The evidence further shows that it never was presented to the drawees. On April twenty-ninth the bill of lading was detached from the draft and surrendered by the Irving National Bank to the plaintiff, who, with the consignees, got the car, and found that the apples had rotted. The draft was ultimately returned to the defendant, and by it delivered to plaintiff.

Upon all the evidence the question of defendant's negligence was one of fact, decided by the verdict of the jury in favor of plaintiff. The judgment should, therefore, be affirmed, except for one thing.

The court charged that plaintiff was entitled to recover as part of his damages an item of sixty dollars and thirty cents, for moneys expended in traveling. This was improper. The verdict being for four hundred dollars, which was just about one-half of the total of the items proved by plaintiff, it is impossible to tell whether the jury did or did not include in that verdict the item of sixty dollars and thirty cents. This necessitates a reversal unless plaintiff will stipulate to reduce the verdict by that amount. (*Moore* v. *New York Elevated R. R. Co.*, 126 N. Y. 671, 673.)

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the verdict from $400 to $339.70, in which case the judgment should be so modified, and as modified affirmed, without costs.

All concur.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $339.70 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and as so modified is, together with the order, affirmed, without costs of this appeal to either party.