MARIE ANTOINETTE REALTY CO., INC., Plaintiff, Respondent, *v.* YORKVILLE BANK, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, June 19, 1924.

Bills and notes — action upon check made to plaintiff's order for specific purpose — plaintiff diverted check after certification by defendant — defendant's separate defense properly stricken out — counterclaim for amount of check as for money had and received deemed waiver of tort and permissible under Civil Practice Act, § 266, subd. 2 — drawer of check should have assigned cause of action.

In an action upon a check made to plaintiff's order for $500 the defendant bank, which certified the check, set up by way of answer a separate defense and counterclaim alleging that plaintiff procured the check from the drawer under a promise that it would be put to meet an electric current supply bill in which both were interested; and that after having the check certified, plaintiff gave its landlord its own worthless check which resulted in the discontinuance of the electricity. *Held,* that defendant's separate defense was properly stricken out.

Defendant's counterclaim, predicated upon the loss suffered by the drawer of the check, is permissible under subdivision 2 of section 266 of the Civil Practice Act, since it is founded upon a waiver of whatever tort is involved and proceeds *ex contractu* as for money had and received.

*It seems,* that the drawer should have assigned his cause of action against the plaintiff for a return of the money loaned, since from the pleadings that, apparently, is the nature of the transaction.

APPEAL by defendant from an order of the City Court of the city of New York, striking out its separate defense and counter-claim and directing judgment in favor of plaintiff.

*Phillips, Jaffe & Jaffe (Benjamin Jaffe,* of counsel), for the appellant.

*Charles Eno,* for the respondent.

*Per Curiam.* This action is upon a check made by one Picker to the order of plaintiff, which check was certified by defendant. The separate defense, which is also pleaded as a counterclaim, is to the effect that plaintiff's agent represented to Picker that plaintiff needed $500 to pay its landlord for the supply of electric current in plaintiff's building, part of which was occupied by a corporation in which Picker was interested; that Picker, upon the statement that the money would be used to pay the landlord and to prevent Picker's store from being deprived of light, gave the plaintiff the check in suit. As matter of fact plaintiff had the check certified forthwith and gave its landlord its own worthless check with the result that the electric supply in Picker's store was actually discontinued.

Although defendant, appellant, urges that this constitutes a defense, it is axiomatic that it does not. *Carnegie Trust Co.* v. *First Nat. Bank*, 213 N. Y. 301. In its counterclaim, however, defendant, repeating the allegations of the defense, continues, that upon discovering the diversion and conversion of said check Picker duly demanded of the plaintiff herein that it return to him the said check, which plaintiff has refused to do, and although in the counterclaim the pleader continues that by reason of the foregoing said Picker has been damaged in the sum of $500, we think that a liberal construction of the pleading warrants the view that it is founded upon a waiver of whatever tort is involved and proceeds *ex contractu* as for money had and received. *Rothschild* v. *Mack*, 115 N. Y. 1, 7, 10. As a cause of action in contract (which it is alleged had been assigned by Picker to the defendant) it constitutes a permissible counterclaim under subdivision 2 of section 266 of the Civil Practice Act.

In passing it may be remarked that there seems to be no reason why Picker could not have set up and assigned his cause of action against plaintiff for a return of the money loaned, for from the pleadings that appears to have been the nature of the transaction.

Order modified by striking out so much thereof as strikes out defendant's separate defense, and also by striking therefrom the adjudication that plaintiff is entitled to judgment and the direction for the entry of judgment for plaintiff, and order as so modified affirmed, without costs to either party.

All concur; present, BIJUR, MULLAN and LEVY, JJ.

Order modified and as modified affirmed.