ABRAHAM J. ELIAS, Plaintiff, *v.* STEEL FURNITURE COMPANY, Defendant.

Supreme Court, Erie County, April, 1928.

**Attachment — validity — defendant foreign corporation sold merchandise to customer and delivered bill of lading, sight draft and instructions as to collection, to its local bank which forwarded papers to Syracuse bank — Syracuse bank notified customer who gave notes and paid cash in compliance with requirements and received bill of lading — deputy sheriff, who was present, attempted to levy attachment — no levy on notes or cash was made, under Civil Practice Act, § 917, subd. 2 — transactions as to collection and remittance constitute Syracuse bank agent of defendant's bank or defendant — levy valid.**

A valid levy was made under a warrant of attachment issued against defendant, a foreign corporation, where it appears that the defendant after effecting a sale of merchandise to a customer in this State, delivered a bill of lading, sight draft and instructions as to the collection of the draft, to its local bank which forwarded the papers to a Syracuse bank, to which the customer, upon notification, gave promissory notes and paid the cash in compliance with the instructions, and received a bill of lading, when a deputy sheriff, who was present, attempted to levy the attachment.

While no valid levy on the notes or cash was made, under subdivision 2 of section 917 of the Civil Practice Act, because the deputy did not take any of the property into his actual manual custody, the transactions as to collection and remittance rendered the Syracuse bank either the agent of the bank from which it had received the draft or of defendant, so that the levy on the right to receive the amount of the balance of the cash from the Syracuse bank was valid.

The bank by undertaking the collection of the draft assumed the liability to pay over the proceeds to the drawer thereof, or its agent, and since the money in its possession constituted a debt owing by it to the defendant, the levy of the attachment was valid.

MOTION by defendant to vacate an attachment and an order for service of summons by publication and to set aside service thereunder.

*Aaron & Dautch,* for the plaintiff.

*Penney & Penney,* for the defendant.

NORTON, J. The validity of the order for service of the summons by publication and the service made thereunder, depend upon whether a valid levy was made under the attachment in question.

The facts in regard to the levy are in dispute; the deputy sheriff who attempted to make the levy deposes that he at no time was shown nor had the notes and cash he was attempting to levy on in his actual possession or custody; the bank official who had the custody of the property deposes that the deputy sheriff " after examining said notes and cash did not take them into his custody and possession but delivered them back to deponent." And the facts in regard to the agency and who was the principal of the bank in whose custody the notes and cash were at the time of the attempted levy do not clearly appear. Conclusions as to the character of the bank's agency on the part of the plaintiff are based almost wholly on inference, and defendant is remarkably silent as to many facts that might be illuminating.

The following facts appear:

Defendant is a foreign corporation; one Constantino, a resident of the State, purchased merchandise of defendant, which was shipped by defendant, who drew a sight draft for the purchase price and with bill of lading attached, with instructions upon delivery of three notes in stipulated amounts and for specified terms, and payment of $288.45 in cash by said Constantino, to deliver the bill of lading to Constantino; defendant delivered such bill of lading, sight draft and instructions to its local bank, in Grand Rapids, Mich., to be forwarded to Syracuse, N. Y., there to be carried into effect; the Grand Rapids bank forwarded the same to the Liberty Bank at Syracuse, N. Y.; the Liberty Bank notified Constantino of the receipt of the bill of lading and draft and of the tenor of such instructions; Constantino went to the Liberty Bank, gave the notes, paid the cash in compliance with such requirements, and received the bill of lading from the Liberty Bank. The deputy sheriff, who was present, then attempted to levy the attachment.

He did not, I am satisfied, take any of the property, neither

notes nor cash, into his actual manual custody, and, therefore, did not make a valid levy on the notes or cash, as such, under subdivision 2 of section 917 of the Civil Practice Act. (*Anthony* v. *Wood*, 96 N. Y. 180; *Robinson* v. *Columbia Spinning Company*, 23 App. Div. 499; *Carples* v. *Cumberland C. & I. Co.*, 240 N. Y. 187.)

If the levy on the right to receive the amount of the balance of the cash from the Liberty Bank was valid depends on whether in the transactions as to collection and remittance such Liberty Bank was the agent of the bank from whom the Liberty Bank received the draft, or was the agent of defendant, the levy was, I believe, good.

As the attempt to levy on the actual money paid by Constantino it was ineffective, for the same reason that the attempt to levy on the notes was, viz., the officer did not take and keep possession thereof. Still what the officer did in attempting to levy was sufficient to constitute a valid levy on the claim or right to receive the money, providing the Liberty Bank's possession and holding thereof was such as to make the claim liable to levy as against the defendant. What the officer did was sufficient to make a valid levy, if the claim was leviable under his warrant of attachment. (*Korytkowski* v. *Greniewicki*, 220 App. Div. 237; *Greentree* v. *Rosenstock*, 61 N. Y. 583.) The certified copy of the warrant and notice showing the property attached served on the Liberty Bank complied with the requirements of the statute.

Defendant contends that as to the money collected from Constantino the Liberty Bank was not its agent; that while the notes were the defendant's property and that a levy thereon while in the possession of the Liberty Bank, if properly made, would have been valid, but the money received with the notes, it claims must be treated as collected for and belonging to the forwarding bank and not the defendant. (Citing *Allen* v. *Merchants' Bank*, 22 Wend. 215; *Montgomery County Bank* v. *Albany City Bank*, 7 N. Y. 459; *Corn Exchange Bank* v. *F. N. Bank*, 118 id. 443.) But the Liberty Bank was authorized and directed to do something more than to collect a stipulated amount from Constantino and remit such amount to its correspondent; it was, as part of the same transaction, to require and accept the delivery of three notes, for specified amounts and terms, from Constantino to defendant; it was also to deduct from the money it collected from Constantino, viz., $288.45, $52.04 for freight on the merchandise covered by the bill of lading, and presumably was to pay such freight therewith.

It seems to me that the powers and duties imposed upon and accepted by the Liberty Bank in regard to the whole transaction as to the receipt of the bill of lading, and delivery thereof, upon

the payment of the draft, and compliance with the instructions attached to the bill of lading and draft; as to the notes, the payment of the freight on the merchandise, the remittance of the balance and the notes, constituted the Liberty Bank the agent of the defendant as to the payment of the freight and the acceptance and forwarding of the notes. If the Liberty Bank were the agent of the defendant as to such elements of the transaction, it would follow that as to the remainder of the transaction, the holding and remittance of the balance of the money after paying the freight, it was also the agent of defendant and that the levy was valid. (*Naser* v. *First National Bank*, 116 N. Y. 492, 498, 499; *Riggi Bros. Co.* v. *Bank of Barcelona*, 187 App. Div. 213.) Even if it be held that the Liberty Bank was not acting as defendant's agent in collecting and holding the money, still the defendant could have recovered the account or claim therefor direct from the Liberty Bank, had occasion made such course advisable. (*Dickerson* v. *Wason*, 47 N. Y. 439; *Matter of Bank of Cuba*, 198 App. Div. 733.) Defendant having a cause of action on such claim against the Liberty Bank, such claim is liable to levy under the attachment.

The Liberty Bank was, under the facts as they appear herein, in collecting the money from Constantino, as well as in determining that the notes complied with defendant's requirements and in accepting them; and in deducting the fifty-two dollars and four cents from the money paid by Constantino and paying the freight therewith; under the principles of law stated in the cases of *Naser* v. *First National Bank* (*supra*) and *Matter of Bank of Cuba* (*supra*) acting under the instructions of the defendant, and was liable to account to the defendant therefor. By undertaking the collection of the draft, the Liberty Bank assumed the liability to pay over the proceeds to the drawer of the draft, or its agent; and it seems clear that the obligation to pay over the money would be enforcible by the principal. (*Dickerson* v. *Wason, supra; Matter of Bank of Cuba, supra.*) Therefore, the money in the possession of the Liberty Bank constituted a debt owing by the Liberty Bank to defendant and the levy of the attachment thereon was valid.

The motion is denied, with costs of the motion to plaintiff.