SMITH & McCRORKEN, INC., Respondent, *v.* CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, Appellant, Impleaded with BLANCHE M. SMITH and Another, Respondents.

First Department, November 3, 1933.

*Edgar H. A. Chapman* of counsel [*Newman & Bisco*, attorneys], for the appellant.

*Oscar L. Dann*, for the defendants, respondents.

O'MALLEY, J. We are concerned with the appeal of the defendant Chatham Phenix National Bank and Trust Company only as against the impleaded defendants Smith and Rothman. Its appeal as against plaintiff was dismissed on May 31, 1933.

Plaintiff's judgment against the appellant bank and trust company is predicated upon the latter's negligence in paying the proceeds of a check to the payee named therein, after the plaintiff had duly notified the defendant to stop payment. The defendant pleaded a cross-claim against the defendant Blanche M. Smith, the payee of the check, and the defendant Jacob Rothman, her indorsee, and sought judgment over. This cross-claim was dismissed.

The plaintiff corporation, of which Morris H. Smith, the husband of the defendant Blanche M. Smith, was president, on January 15, 1922, borrowed money from the latter, who, as evidence of the loan, accepted plaintiff's check in the sum of $1,552.37. At the time of this transaction the Smiths were living together as man and wife. They separated subsequently, and Smith in March of the same year repaid the loan and demanded a return of the check from his wife. This was refused by her for the alleged reason that the check had been lost. Smith thereupon notified the appellant, the defendant bank, that the indebtedness for which the check had been given had been discharged and, at the same time, ordered that payment of the check be " stopped." Some eighteen months later the defendant Blanche M. Smith indorsed the check to her father, the defendant Jacob Rothman, who presented it and received payment from the defendant bank. Plaintiff's account was thereupon debited with the amount of the check.

Upon the trial the defendant offered proof tending to show that at the time the defendant Blanche M. Smith indorsed the check and had it cashed through her father the indebtedness for which it was given had been paid and that payment thereon had been stopped. These facts were sought to be established through the testimony of the defendant Blanche M. Smith who was called by the defendant, appellant. The evidence was excluded and exception duly noted. The cross-claim alleged that at the time the

check was cashed both the impleaded defendants knew it had been paid and that payment thereon had been stopped.

We are of opinion that the evidence thus offered should have been received. It would have shown that at the time defendant bank paid the check it was acting under a mistake of fact and was induced so to do by the fraud of the impleaded defendants; that they knew the debt for which it had been given had been otherwise paid and hence neither was a *bona fide* holder for value.

The allegations of the bank's claim against the impleaded defendants, if proven, would establish a cause of action for money had and received. As was stated in *White* v. *Continental National Bank* (64 N. Y. 316, 319): " The right of a party paying money to another under a *bona fide* forgetfulness or ignorance of facts, to recover it back from one who is not entitled to receive it, is well established. The equitable action for money had and received will lie against one who has received money which in conscience does not belong to him."

It is true that the defendant bank, so far as its depositor, the plaintiff, was concerned, was guilty of negligence. This negligence, however, should not deprive it of its claim against the impleaded defendants, predicated upon their fraud.

While numerous decisions on similar facts are not readily available, the principle of law above stated has been applied in similar and analogous situations and its soundness recognized by text writers.

We are of opinion that where a bank honors and pays a check under a mistake of fact, it may sue for recovery of the money, at least, against one receiving payment thereon, who is not a *bona fide* holder for value. (*Troy City Bank* v. *Grant*, Hill & Den. 119; *Canal Bank* v. *Bank of Albany*, 1 Hill, 287; *Schneider* v. *Irving Bank*, 30 How. Pr. 190; *Bank of Commerce* v. *Union Bank*, 3 N. Y. 230; *Goddard* v. *Merchants' Bank*, 4 id. 147; *Chrzanowska* v. *Corn Exchange Bank*, 173 App. Div. 285, 289; affd., 225 N. Y. 728; *National Loan & Exchange Bank* v. *Lachovitz*, 131 S. C. 432; 128 S. E. 10.) (See, also, Keener Quasi Cont. 77; Magee Banks & Banking [3d ed.], § 210, pp. 344 *et seq.* and cases cited; Brady Bank Checks [2d ed.], § 228, pp. 367 *et seq.*)

It follows, therefore, that the testimony sought to be adduced was competent, relevant and material to the issues tendered and the objections to the questions should have been overruled and not sustained. The judgment appealed from so far as it dismisses the cross-complaint of the defendant bank and trust company with respect to the impleaded defendants Smith and Rothman, should

be reversed and a new trial granted, with costs to the appellant against defendants, respondents, to abide the event.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Judgment in so far as it adjudges that the cross-complaint of defendant, appellant, be dismissed as to the defendants Blanche M. Smith and Jacob Rothman reversed and a new trial ordered, with costs to the appellant against the defendants, respondents, to abide the event.