**First National Bank of Chicago, Appellant, v. Edward J. Molesky, d/b/a Edwards Auto Rebuilders, Appellee.**

**Gen. No. 47,096.**

First District, Second Division.

November 26, 1957.

Rehearing denied December 26, 1957.

Released for publication January 14, 1958.

Wilson, Paul and Hansen, of Chicago (George A. Hansen, and Gerard A. Fairfield, of counsel) for appellant.

Henry A. Kalcheim (Irving Liberman, and Elliott Kalcheim, of counsel) for defendant-appellee.

JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff appeals from an order and judgment which sustained defendant's motion to strike the complaint and to dismiss the action for alleged failure to state a cause of action. The sufficiency of the complaint is the only question presented upon this appeal.

The pertinent averments of the complaint are:

"Plaintiff's claim is for $450.76, which sum was paid to defendant on December 27, 1955 by a mistake of fact to-wit:

On December 22, 1955 Plaintiff's customer, W. C. Lukey, Jr. issued his check No. 1415 drawn on the Plaintiff, payable to the Defendant in the amount of $450.76.

On December 27, 1955 Mr. W. C. Lukey, Jr., revoked his order to pay and stopped payment on said check. Subsequent thereto, on December 27, 1955, said check was presented to plaintiff and through mistake of fact was paid.

"The Defendant has wholly neglected and refused to return the money received by him although Plaintiff demanded payment thereof."

Plaintiff contends that the mere issuance and delivery of the check by the drawer to defendant created no

471

rights in payee's favor against the bank, relying upon the Negotiable Instruments Act, Ill. Rev. Stat. 1955, Ch. 98, § 210, which reads:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

When the check was presented by the payee, plaintiff accepted it and paid it. It now claims that the payment was by a mistake of fact, and cites Gordon v. Johnson, 186 Ill. 18, and 40 Am. Jur., p. 844, in support of its claim. We do not regard the facts alleged in the complaint as constituting a mistake of fact of the character involved in the cases cited by plaintiff.

There is no averment of fact in the complaint which would charge defendant with knowledge that at the time of the presentation of the check and payment thereof, he was not entitled to receive payment. Upon the face of the averments in the complaint, the payee had a legal right to present the check to plaintiff, demanding payment. Having been paid by plaintiff, the complaint is not sufficient to require defendant to repay to the bank the amount of the check and thus be relegated to the necessity of litigating with the drawer to recover the amount of the check.

The judgment is correct and is affirmed.

Affirmed.

KILEY, P. J. and LEWE, J., concur.